UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br>   Plaintiff,<br><br>v.<br><br>PRIMARK US CORP.,<br>   Defendant. | C.A. NO. 1:23-cv-10233-ADB |

**ANSWER, COUNTERCLAIM, AND JURY DEMAND**

Defendant Primark US Corp. ("Defendant" or "Primark") hereby files this Answer to the Complaint in this action filed by Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers"), Counterclaim, and Jury Demand. Defendant has adopted the headings found in the Complaint for ease of reference. However, to the extent that such headings themselves contain factual or legal statements, allegations, or characterizations, Defendant denies those statements, allegations, or characterizations.

JURISDICTION AND VENUE

1. Defendant admits the Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367(a) because they are so related to the federal claims that the form part of the same case and controversy.  The remainder of this paragraph contains only arguments to which no response is required. To the extent any response is required, Defendant denies the remaining allegations of Paragraph 1.

2. Paragraph 2 of the Complaint alleges legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the remaining allegations of Paragraph 2.

1

3. Defendant admits that this Court has personal jurisdiction over Defendant. Defendant denies the remaining allegations of Paragraph 3.

4. Defendant admits that venue is proper. Defendant denies the remaining allegations of Paragraph 4.

## THE PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6. Defendant admits that it is a corporation organized and existing under the laws of the State of Delaware with an office and principal place of business located at 101 Arch Street, 3rd Floor, Boston, Massachusetts 02110.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12. Defendant denies that Defendant's products at issue in this lawsuit infringe on any rights Plaintiff claims to own.

13. Defendant admits that it is engaged in the retail sale of a wide range of apparel under its Primark® brand through Primark® retail stores, including stores located within this judicial district. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant admits that Deckers has not granted Defendant a license to practice nor given any form of permission to use any Deckers trademarks, trade dresses, or patents outlined in Paragraph 15, but denies that any "license" or "permission" was required. Defendant further denies that Deckers has any protectable trade dress rights in the alleged Classic Ultra Mini Trade Dress and denies the validity of U.S. Pat. No. D927,161.

16. Defendant admits that it offered for sale and sold the product identified by name as Primark® brand "Tan Faux Suede Mini Boots" through its Primark® retail stores, but denies that this product infringes any rights Plaintiff claims to own. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies that it has sold any products that infringe Deckers' purported trade dress or patent rights. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18. Defendant denies the allegations in Paragraph 18.

FIRST CLAIM FOR RELIEF

(Trade Dress Infringement – 15 U.S.C. § 1125(a))

19. Defendant repeats and reasserts all responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Defendant denies that the alleged Classic Ultra Mini Trade Dress is unique because multiple third parties have and do sell products with similar elements. Defendant denies that the alleged Classic Ultra Mini Trade Dress is "inherently distinctive" because under U.S. law, no trade dress for a product design can ever be "inherently distinctive." *Wal-Mart Stores, Inc. v. Samara Bros.,* 529 U.S. 205, 212 (2000). Defendant denies that each of the listed elements (a) through (i) of the alleged Classic Ultra Mini Trade Dress are non-functional. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21. Defendant denies that the alleged Classic Ultra Mini Trade Dress is "non-functional in its entirety," that it is "unique in the footwear industry" and that it is "distinctive." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and therefore denies the same.

22. Defendant denies that the design of the alleged Classic Ultra Mini Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the shoe. Defendant denies that the alleged Classic Ultra Mini Trade Dress "provides no cost advantages to the manufacturer" or "utilitarian advantages to the consumer." Defendant denies that the alleged Classic Ultra Mini Trade Dress is "distinct." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies the same.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits that Deckers has not given Defendant permission or authorization to use the alleged Classic Ultra Mini Trade Dress, but denies that any "permission" or "authorization" was required.  Defendant further denies that Deckers has any protectable trade dress rights in the alleged Classic Ultra Mini Trade Dress.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

SECOND CLAIM FOR RELIEF

(Trade Dress Infringement – Massachusetts Common Law)

32. Defendant repeats and reasserts all responses to Paragraphs 1 through 31 as if fully set forth herein.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

## THIRD CLAIM FOR RELIEF

(Unfair and Deceptive Trade Practices – Mass. Gen. Laws ch. 93A)

41. Defendant repeats and reasserts all responses to Paragraphs 1 through 40 as if fully set forth herein.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

## FOURTH CLAIM FOR RELIEF

(Unfair Competition – Massachusetts Common Law)

46. Defendant repeats and reasserts all responses to Paragraphs 1 through 45 as if fully set forth herein.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies that it committed any act that was intended to or did capitalize on any goodwill that Deckers claims to possess. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint, and therefore denies the same.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

## FIFTH CLAIM FOR RELIEF

(Patent Infringement – U.S. Patent No. D927,161)

53. Defendant repeats and reasserts all responses to Paragraphs 1 through 52 as if fully set forth herein.

54. Defendant admits that a document purporting to be a copy of U.S. Pat. No. D927,161 was attached to the Complaint as Exhibit A.  Defendant denies the validity of U.S. Pat. No. D927,161. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint, and therefore denies the same.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore denies the same.

56. Defendant admits that it offered for sale and sold the product identified by name as Primark® brand "Tan Faux Suede Mini Boots" within the United States.  Defendant denies the remaining allegations in Paragraph 56.

57. Defendant admits that Deckers has not granted Defendant a license nor given any form of permission to use the ornamental design shown in U.S. Pat. No. D927,161, but denies that any "license" or "permission" would be required.  Defendant further denies the validity of U.S. Pat. No. D927,161.  Defendant denies the remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief set forth in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant lists its Affirmative Defenses below.  Defendant's investigation of its defenses is continuing, and Defendant expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

One or more of Plaintiff's claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to support a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Plaintiff Lacks a Valid Trade Dress)

Plaintiff's claims are barred, in whole or in part, because the alleged Classic Ultra Mini Trade Dress is not valid or enforceable.

### THIRD AFFIRMATIVE DEFENSE

(Invalidity of Trade Dress – Utilitarian Functionality)

Plaintiff's claim of trade dress infringement is barred, precluded, and/or limited by the doctrine of utilitarian functionality. Plaintiff's alleged Classic Ultra Mini Trade Dress is functional because the elements of Plaintiff's alleged Classic Ultra Mini Trade Dress are essential to the use and purpose of Plaintiff's boots and/or affect quality of the boots and Plaintiff has not overcome the statutory presumption of functionality. 15 U.S.C. § 1125(a)(3).

## FOURTH AFFIRMATIVE DEFENSE

(Invalidity of Trade Dress – Non-Distinctive)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged Classic Ultra Mini Trade Dress is not distinctive. It is comprised of common elements that are all used by numerous footwear brands, and it has not acquired, and cannot acquire, secondary meaning.

## FIFTH AFFIRMATIVE DEFENSE

(No Likelihood of Confusion)

Plaintiff's claims are barred, in whole or in part, because Defendant's products are not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff as to the origin, sponsorship or approval of Defendant's products by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver, Laches, Acquiescence, or Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, acquiescence and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any loss or damage as a result of Defendant's alleged conduct. To the extent Plaintiff has suffered any damages, which Defendant expressly denies, Plaintiff has failed to take any steps to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

(No Design Patent Infringement)

Plaintiff's claims are barred, in whole or in part, because Defendant does not directly or indirectly infringe any valid and enforceable claim of any patent rights of Plaintiff related to the D927,161 patent.

### NINTH AFFIRMATIVE DEFENSE

(Plaintiff Lacks a Valid Design Patent)

Plaintiff's claims are barred, in whole or in part, because the asserted D927,161 patent allegedly held by Plaintiff is not valid and enforceable for failure to meet the requirements of 35 U.S.C. § 171 et. seq., including, without limitation, §§ 102, 103, 112, and/or 116, and the rules, regulations and laws pertaining thereto.

### TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands in that Plaintiff knows it has no trade dress rights and no valid and enforceable patent rights in connection with its Classic Ultra Mini boot, yet it is attempting to eliminate legitimate and fair competition by representing otherwise to the Court.

**COUNTERCLAIM OF PRIMARK US CORP.
AND REQUEST FOR A JURY TRIAL**

For its Counterclaim against Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff"), Defendant and Counterclaimant Primark US Corp. ("Counterclaimant" or "Primark"), through its undersigned attorneys, alleges as follows:

## NATURE OF THE COUNTERCLAIM

1. This counterclaim seeks the following judicial declarations: (i) that Primark has not and does not infringe any valid trade dress rights Deckers claims in a design of a boot identified as Classic Ultra Mini, (ii) that Decker's alleged Classic Ultra Mini Trade Dress is invalid; (iii) that Primark has not infringed U.S. Patent No. D927,161 (the "'161 patent"); (iv) that the '161 patent is invalid and (v) Deckers has failed to properly plead that Primark has committed unfair and deceptive trade practices under Mass. Gen. Laws ch. 93A.

## THE PARTIES

2. Primark is a corporation organized and existing under the laws of the State of Delaware with an office and principal place of business located in Boston, Massachusetts 02110.

3. On information and belief, Deckers is a corporation organized and existing under the laws of the State of Delaware with an office and principal place of business located in Goleta, California

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) in that substantial events giving rise to this counterclaim occurred in this district and the Plaintiff commenced the present action here.

## FACTS COMMON TO ALL COUNTS

6. On or about January 25, 2023, Deckers commenced this action against Primark. Among other things, Deckers contends: (i) that it owns valid trade dress rights in the alleged Classic Ultra Mini Trade Dress; (ii) that Primark infringed Deckers' rights in the alleged Classic Ultra Mini

11

Trade Dress; (iii) that Deckers owns the '161 patent; and (iv) that Primark is infringing Deckers' rights in the '161 patent.

7. Primark contends that it is not infringing any rights of Deckers in the alleged Classic Ultra Mini Trade Dress. Primark also contends that Deckers has no valid trade dress rights in the alleged Classic Ultra Mini Trade Dress.

8. Primark contends that it is not infringing any of Deckers' rights in the '161 Patent and that the '161 patent is invalid.

COUNT I

(For a Judicial Declaration of Non-Infringement<br>of the Alleged Classic Ultra Mini Trade Dress)

9. Primark repeats and reasserts all responses to Paragraphs 1 through 8 as if fully set forth herein.

10. An actual and present controversy exists between Primark, on the one hand, and Deckers, on the other, with respect to Deckers' alleged rights in and to the alleged Classic Ultra Mini Trade Dress.

11. In the first claim for relief in its Complaint, Deckers asserted a claim against Primark for infringement of the alleged Classic Ultra Mini Trade Dress under 15 U.S.C. § 1125(a) based on Primark's alleged design, manufacture, importation, distribution, advertisement, marketing, offering for sale and sale in the U.S. of the Primark® brand "Tan Faux Suede Mini Boots."

12. The design, manufacture, importation, distribution, advertisement, marketing, offering for sale and sale in the U.S. of the Primark® brand "Tan Faux Suede Mini Boots" is not likely to cause confusion, mistake or deception as to the affiliation, connection or association of any party with any other party, including Deckers, or as to the origin, sponsorship or approval of any party's goods, services or commercial activities by any other party, including Deckers, and Primark

requests a judicial declaration that it has not infringed and does not infringe any valid trademark and/or trade dress rights Deckers claims in the alleged Classic Ultra Mini Trade Dress and that Primark has not engaged in unfair competition.

## COUNT II

(For a Judicial Declaration of Invalidity
of the Alleged Classic Ultra Mini Trade Dress)

13. Primark repeats and reasserts all responses to Paragraphs 1 through 12 as if fully set forth herein.

14. On information and belief, Deckers' alleged Classic Ultra Mini Trade Dress is invalid because, among other things, (i) it does not indicate the source of any good or service; (ii) it is functional; (iii) it is not inherently distinctive; and (iv) it lacks secondary meaning. Accordingly, Deckers' alleged Classic Ultra Mini Trade Dress is invalid.

## COUNT III

(For a Judicial Declaration of Non-Infringement of the '161 Patent)

15. Primark repeats and reasserts all responses to Paragraphs 1 through 14 as if fully set forth herein.

16. Deckers asserts that it owns the '161 patent and that Primark is infringing its rights in the '161 patent by the design, manufacture, importation, distribution, advertisement, marketing, offering for sale and sale in the U.S. of the Primark® brand "Tan Faux Suede Mini Boots".

17. Primark alleges that it has not engaged in any conduct constituting infringement of the '161 patent under any theory, including literal infringement or infringement under the doctrine of equivalents and it requests a judicial declaration that Primark has not infringed and does not infringe the '161 patent.

## COUNT IV

(For a Judicial Declaration of Invalidity of the '161 Patent)

18. Primark repeats and reasserts all responses to Paragraphs 1 through 17 as if fully set forth herein.

19. On information and belief, the '161 patent is invalid for failure to meet the requirements of 35 U.S.C. § 171 et. seq., including, without limitation, §§ 102, 103, 112, 116, and/or 171 and the rules, regulations and laws pertaining thereto.

## COUNT V

(For a Judicial Declaration Dismissing Plaintiff's Claims

of Unfair and Deceptive Trade Practices Under Mass Gen. Laws ch. 93A)

20. Primark repeats and reasserts all responses to Paragraphs 1 through 19 as if fully set forth herein.

21. Deckers asserts that Primark has committed acts that constitute a violation of the Mass. Gen. Laws ch. 93A and seeks damages thereunder.

22. Deckers' claim fails because, among other reasons, Deckers has not, and cannot, allege that it mailed or delivered a written demand for relief to Primark at least thirty days prior to the filing of this complaint. Mass. Gen. Laws. Ch. 93A § 9(3). *See Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (The statutory notice requirement is "not merely a procedural nicety, but, rather, 'a prerequisite to suit.'"); *Spring v. Geriatric Authority of Holyoke*, 394 Mass. 274, 475 N.E.2d 727, 735 (Mass. 1985) ("A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved.")

PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Primark prays:

A. For a judicial declaration in favor of Primark and against Deckers on Primark's counterclaim against Deckers stating:

1. That Primark has not, and does not, infringe Deckers' alleged Classic Ultra Mini Trade Dress.

2. That Deckers' alleged Classic Ultra Mini Trade Dress is invalid because (i) it does not indicate the source of any good or service; (ii) it is functional; and/or (iii) it lacks secondary meaning.

3. That Primark has not, and does not, infringe the '161 patent.

4. That the '161 patent is invalid for failure to meet the requirements of 35 U.S.C. § 171 et. seq., including, without limitation, §§ 102, 103, 112, 116, and/or 171 and the rules, regulations and laws pertaining thereto.

5. That Primark has not committed an unfair and deceptive trade practice under Mass. Gen. Laws ch. 93A.

B. For a judgment enjoining Deckers, its parents, affiliates, and/or subsidiaries, and its agents, representatives, attorneys and those persona in active concert or participation with them who receive actual notice thereof, from threatening or initiating any infringement litigation against Primark or any of its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of Primark, or charging them either orally or in writing with infringement of Deckers' alleged Classic Ultra Mini Trade Dress.

C. For a judgment enjoining Deckers, its parents, affiliates, and/or subsidiaries, and its agents, representatives, attorneys and those persona in active concert or participation with them who

receive actual notice thereof, from threatening or initiating any infringement litigation against Primark or any of its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of Primark, or charging them either orally or in writing with infringement of the '161 patent.

D. For a finding that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Primark is entitled to recover its reasonable attorney fees upon prevailing in this action.

E. For a finding that this action is an exceptional case within the meaning of 15 U.S.C. § 1117 and that Primark is entitled to recover its reasonable attorney's fees upon prevailing in this action.

F. For an award of costs and other relief, both legal and equitable, to which Primark may be justly entitled; and

G. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants and Counterclaimants hereby respectfully request a trial by jury in this matter.

| | |
|---|---|
| Dated: April 7, 2023 | LAW OFFICE OF PHILIP SWAIN, LLC |
| | By: */s/Philip C. Swain* |
| | Philip C. Swain<br>Law Office of Philip Swain, LLC<br>114 Pine Hill Lane<br>Concord, MA  01742<br>(617) 365-4844<br>*Attorney for Defendant Primark US Corp.* |

`

OF COUNSEL

Ronald A. DiCerbo
Christopher V. Cariani
McAndrews Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF.)

*/s/ Philip C. Swain*
Philip C. Swain
