# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

DECKERS OUTDOOR CORPORATION,

Plaintiff,

v.

PRIMARK US CORP.,

Defendant.

C.A. NO. 1:23-cv-10233-ADB

## JOINT PROPOSED SCHEDULE

Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") and Defendant Primark US Corp. ("Defendant" or "Primark") (together the "Parties") submit this joint statement pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16.1, and this Court's Order (ECF No. 16).

### I. PRELIMINARY STATEMENT OF THE CASE

#### a. Plaintiff's Position

In 2018, Deckers introduced the UGG® Classic Ultra Mini, marketed and featuring the design elements protected under the "Classic Ultra Mini Trade Dress" and U.S. Pat. No. D927,161 ("the '161 Patent") issued on August 10, 2021.

After discovering Defendant's infringement of Deckers' Classic Ultra Mini Trade Dress and the '161 Patent (the "Accused Product"), Plaintiff filed the present action against Defendant asserting causes of action for trade dress infringement, patent infringement, and unfair

competition. Exemplars of the Plaintiff's UGG® Classic Ultra Mini, '161 Patent, and the Accused Product are below:

  

    The Accused Product             UGG® Classic Ultra Mini           '161 Patent

    b. **Defendant's Position**

Defendant disputes that it has infringed any claims of the '161 Patent, and further contends that the claims of the '161 Patent are invalid. Defendant has also brought counterclaims against Plaintiff seeking a declaration that the '161 Patent is invalid and that Defendant has not infringed any valid and enforceable claim of the '161 Patent.

Defendant also disputes that it has infringed any trade dress of the Classic Ultra Mini, and that Plaintiff owns a valid and enforceable trade dress in the Classic Ultra Mini. Defendant has also brought counterclaims against Plaintiff seeking a declaration that the alleged Classic Ultra Mini trade dress is invalid and that Defendant has not infringed any valid and enforceable trade dress of the Classic Ultra Mini.

Defendant has brought a further counterclaim against Plaintiff seeking a judicial declaration dismissing Plaintiff's claims of unfair and deceptive trade practices under Mass Gen. Laws ch. 93A on the ground that Plaintiff failed mail Defendant a required written demand prior to filing the Complaint in this action as required by the statute.

    II.     **JOINT DISCOVERY PLAN**

        a. **Limitations/Bifurcation of Discovery**

The parties do not propose bifurcated or phased discovery in this action. The parties do not propose any modifications of the discovery limitations set forth in the Federal Rules of Civil Procedure or the Local Rules at this time.

### b. Privileged Material

The parties agree that a protective order is appropriate in this action because this matter will involve the disclosure of the Parties' confidential business, financial, and/or trade secret information, and will present to the Court a stipulated protective order under FRCP 26(c).

### c. Electronically Stored Information

The Parties agree to service of any documents or ESI via email or other electronic means pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, but the Parties may still use any other method of service provided for under the Federal Rules (e.g., mail, hand delivery) so long as notice is given to opposing counsel via email on the date of service using any other method allowed.

Unless agreed otherwise, the Parties shall produce all documents in .PDF format, except for Microsoft Excel (e.g., .XLS, .CSV, etc.), Microsoft PowerPoint (.PPT), and Audio and/or Video Multi-Media (e.g., .MP3, .WAV, etc.), which shall be produced in native format.

If production of a particular document warrants a different format, the Parties agree to cooperate in arranging for a mutually acceptable production of such documents. The Parties agree not to degrade the readability of documents or searchability of ESI as part of the document production process. Should issues arise regarding the service of documents or the production of ESI, the Parties agree to meet and confer in good faith to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Should any email with attached

files exceed 10 MB in size, the Parties agree to send such files via secure electronic file transfer or on a flash memory drive sent via overnight courier.

### d. Initial Disclosures

The Parties propose that no changes should be made to the form or requirement for making initial disclosures under Rule 26(a)(1).

### e. Discovery Topics

Plaintiff anticipates that topics of discovery will include without limitation the following:

(1) Facts pertaining to whether Defendant infringed the alleged Classic Ultra Mini Trade Dress.

(2) Facts pertaining to whether Defendant infringed U.S. Pat. No. D927,161.

(3) Facts pertaining to Defendant's alleged design, manufacturing, offering for sale, and sale of the Accused Product.

(4) Facts pertaining to whether Defendant acted knowingly, willfully, intentionally, and/or in reckless disregard in connection with the alleged infringements.

(5) Facts pertaining to whether Deckers is entitled to monetary damages and/or equitable relief in the event Defendant is found liable for the claims alleged and, if so, the type and amount of such award.

Defendant anticipates that topics of discovery will include without limitation the following:

(1) Documents and communications relating to prior art to the '161 Patent;

(2) Documents and communications relating to the prosecution of the '161 Patent and any related patents or patent applications;

(3) Documents and communications relating to the alleged Classic Ultra Mini trade dress;

(4) Documents and communications relating to Plaintiff's manufacture, use, offer for sale, sale, and import of the Classic Ultra Mini footwear;

(5) Documents and communications relating to Plaintiff's licensing of its intellectual property, including with respect to the '161 Patent and Classic Ultra Mini trade dress.

Defendant also expects to take expert discovery and discovery of third parties.

### III. PROPOSED PRETRIAL SCHEDULE (Local Rule 16.1(d)(1),(2))

Plaintiff proposes the following pre-trial schedule:

| | |
|---|---|
| Initial disclosures: | May 8, 2023 |
| Deadline for Plaintiff's preliminary patent-related disclosures pursuant to Local Rule 16.6(d)(1) | June 8, 2023 |
| Deadline for conference concerning preliminary patent-related disclosures pursuant to Local Rule 16.6(d)(2) | June 29, 2023 |
| Deadline for Defendant's preliminary patent-related disclosures pursuant to Local Rule 16.6(d)(4) | July 20, 2023 |
| Deadline to exchange proposed claim constructions pursuant to Local Rule 16.6(e)(1)(A) | August 10, 2023 |
| Deadline for conference concerning claim construction pursuant to Local Rule 16.6(e)(1)(B) | August 17, 2023 |
| Deadline for joint statement of the number of claims and terms to be construed pursuant to Local Rule 16.6(e)(1)(D) | August 24, 2023 |

| | |
|---|---|
| Deadline for opening claim construction briefs pursuant to Local Rule 16.6(e)(2) | September 14, 2023 |
| Deadline for responsive claim construction briefs pursuant to Local Rule 16.6(e)(4) | October 26, 2023 |
| Deadline to submit tutorials, if any, to the Court pursuant to Local Rule 16.6(e)(6) | November 2, 2023 (14 days before claim construction hearing) |
| Claim construction hearing | On or about November 16, 2023, at the Court's convenience |
| Deadline for Amending the pleadings without leave of court: | February 8, 2024 |
| Deadline for substantial completion of document discovery | March 7, 2024 |
| Fact Discovery Cutoff: | May 2, 2024 |
| Initial Expert Disclosures: | May 16, 2024 |
| Responsive Expert Disclosures: | June 13, 2024 |
| Deadline for completion of expert depositions | July 11, 2024 |
| Deadline for Filing Dispositive Motions: | August 8, 2024 |
| Deadline for Response to Dispositive Motions: | August 29, 2024 |
| Deadline for Replies re: Dispositive Motions: | September 12, 2024 |
| Final pretrial conference | On or about October 3, 2024, at the Court's convenience |
| Trial | On or about November 7, 2024, at the Court's convenience |

## IV.     SETTLEMENT (**Local Rule 16.1(c)**)

Pursuant to Local Rule 16.1(c), Plaintiff will present a written settlement proposal to Defendant no later than 14 days before the date for the scheduling conference. Counsel for

Defendant will have conferred with their client concerning the subject of settlement and will be prepared to respond to the proposal at the scheduling conference.

**V.      CERTIFICATIONS (Local Rule 16.1(d)(3))**

The Parties will separately file certifications of compliance as required by Local Rule 16.1(d)(3).

**VI.     MAGISTRATE JUDGE**

The Parties do not consent at this time to trial by a magistrate judge.

Dated: April 24, 2023

By: /s/ Jamie Fountain
Brent H. Blakely (*admitted pro hac*)
Jamie Fountain (*admitted pro hac*)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: 310.546.7400
Facsimile: 310.546.7401
bblakely@blakelylawgroup.com
jfountain@blakelylawgroup.com

Brian L. Berlandi (643445)
Berlandi Nussbaum & Reitzas LLP
527 Route 22, Suite 2
Pawling, New York 12564
Telephone: 212-804-6329
bberlandi@bnrllp.com
**Attorneys for Plaintiff
Deckers Outdoor Corp.**

Dated: April 24, 2023

By: /s/ Ronald A. DiCerbo
Ronald A. DiCerbo (*admitted pro hac*)
Christopher V. Carani (*admitted pro hac*)
McAndrews, Held & Malloy
500 West Madison, 34th Floor
Chicago, Illinois 60661
Telephone: 312-775-8000
rdicerbo@mcandrews-ip.com
ccarani@mcandrews-ip.com

`

        Philip C. Swain
        Law Office of Philip Swain, LLC
        114 Pine Hill Lane
        Concord, MA  01742
        Telephone: 617-365-4844
        pcs@philswainlaw.com

        **Attorneys for Defendant**
        **Primark US Corp.**