UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARK US CORP., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | ) CASE NO.: 1:23-cv-10233-ADB<br>)<br>) **PLAINTIFF'S NOTICE OF MOTION**<br>) **AND MOTION TO STRIKE**<br>) **DEFENDANT'S AFFIRMATIVE**<br>) **DEFENSES AND DISMISS**<br>) **COUNTERCLAIMS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD: NOTICE IS

HEREBY GIVEN that on a date and time that the Court so Orders, Plaintiff Deckers

Outdoor Corporation ("Deckers" or "Plaintiff" will and hereby does move the Court

for an order pursuant to Rules 12(f) and 12(c) of the Federal Rules of Civil Procedure

striking affirmative defenses from the Answer filed by Defendant Primark US Corp.

("Primark" or "Defendant"), and dismissing Defendant's Counterclaims.

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
AND DISMISS COUNTERCLAIMS**

Plaintiff's Motion is based on this Notice of Motion and Motion, the

accompanying Memorandum of Points and Authorities and any further material and

argument presented to the Court at the time of the hearing.

Dated:     April 28, 2023          By:   /s/ Jamie Fountain_____
Brian L. Berlandi (643445)
**Berlandi Nussbaum & Reitzas LLP**
527 Route 22, Suite 2
Pawling, New York 12564
Telephone: 212-804-6329
Email: bberlandi@bnrllp.com

Brent H. Blakely (admitted *pro hac vice*)
Jamie Fountain (admitted *pro hac vice*)
**BLAKELY LAW GROUP**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Email: bblakely@blakelylawgroup.com
jfountain@blakelylawgroup.com

**Attorneys for Plaintiff**
**Deckers Outdoor Corporation**

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
AND DISMISS COUNTERCLAIMS**

## TABLE OF CONTENTS

I.      **INTRODUCTION** ......................................................................4

II.     **STATEMENT OF FACTS**................................................................5

III.   **DEFENDANT'S AFFIRMATIVE DEFENSES ONE THROUGH TEN SHOULD BE STRICKEN** ...........................................................6

      A.    **Legal Standard**................................................................6

      B.    **Defendant's First, Second, Third, Fourth, Fifth, Seventh and Eighth Affirmative Defenses fail as a matter of law**...........7

          i.     **Defendant's First and Second Affirmative Defenses should be stricken because they are unrecognized affirmative defenses** .........................................................7

          ii.    **Defendant's Third, Fourth, Fifth, Seventh, and Eighth should be stricken because they are immaterial and/or redundant** ...........................................9

      C.    **All of Defendant's Affirmative Defenses fail the fair notice standard**................................................................10

IV.   **DEFENDANT'S COUNTERCLAIMS ONE THROUGH FOUR SHOULD BE DISMISSED, OR IN THE ALTERNATIVE STRICKEN**....................................................................................13

V.     **CONCLUSION** ...................................................................14

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS**

# TABLE OF AUTHORITIES

## CASES

*ADP Commercial Leasing, Inc. v. M.G. Santos, Inc.*,
    No. CV F 13-0587 LJO, 2013 WL 5424955 (E.D. Cal. Sept. 27, 2013) .......... 13

*Advanced Cardiovascular Sys. v. Medtronic, Inc.*,
    1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006) ..................... 14

*Ashcroft v. Iqbal*,
    556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)........................ 15

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*,
    718 F. Supp. 2d 1167 (N.D. Cal. 2010) ........................................................... 8, 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)........................ 15

*Book v. Moulton*,
    No. 3:05-cv-0875, 2005 U.S. Dist. LEXIS 33578 (N.D.N.Y. Dec. 6,
    2005) ................................................................................................................... 8

*Employers Ins. Co. of Wausau v. Crouse-Community Ctr., Inc.*,
    489 F. Supp. 2d 176 (N.D.N.Y. Apr. 25, 2007) .................................................. 8

Flav-O-Rich, Inc. v. Rawson Food Serv., Inc.,
    846 F.2d 1343 (11th Cir. 1988) .......................................................................... 9

*Hewitt v. Bank* of Am. NA,
    No. 1:13-CV-310, 2013 WL 3490668 (W.D. Mich. July 11, 2013) ................. 13

*Levitt v. Bear, Stearns & Co. Inc.*,
    No. 99-CV-2789 (ADS) (MLO), 2009 WL 10710738 (E.D.N.Y. Feb.
    2, 2009) ............................................................................................................. 15

*Moldex-Metric, Inc. v. McKeon Prods.*,
    891 F.3d 878 (9th Cir. 2018) ............................................................................ 11

*Network Caching Tech., LLC v. Novell, Inc.*,
    No. C-01-2079-VRW, 2001 WL 36043487 (N.D. Cal. Dec. 31, 2001)............ 14

*PetEdge, Inc. v. Fortress Secure Solutions, LLC*,
    2016 U.S. Dist. LEXIS 12201, *5-6, 2016 WL 407065 (D. Mass. Feb.
    2, 2016) ............................................................................................................. 16

*Saks v. Franklin Covey Co.*,
    316 F.3d 337 (2d Cir. 2003)............................................................................... 12

*Selevan v. New York Thruway Auth.*,
    584 F.3d 82 (2d Cir. 2009).................................................................................. 15

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
AND DISMISS COUNTERCLAIMS**

*Smith v. BarnesandNoble.com, LLC*,
  2014 U.S. Dist. LEXIS 35623 at *3 (S.D.N.Y. March 18, 2014) .................... 15

*Traffix Devices v. Mktg. Displays*,
  532 U.S. 23 (2001); ................................................................................. 11

*Tronox Inc. v. Kerr McGee Corp. (In re Tronox Inc.)*,
  503 B.R. 239 (Bankr. S.D.N.Y. 2013) ............................................................ 12

*TSX Toys, Inc*. v. 665, Inc.,
  2015 U.S. Dist. LEXIS 192520, 2015 WL 12746211 (C.D. Cal. Sept.
  23, 2015) ...................................................................................................... 10

*U.S. S.E.C. v. Nothern*,
  400 F. Supp. 2d 362 (D. Mass. 2005) .......................................................... 13

*United States v. Continental Ill. Natl Bank & Trust Co. of Chicago*,
  889 F.2d 1248 (2d Cir. 1989) ........................................................................ 9

*Zivkovic v. So. Cal. Edison Co*.,
  302 F.3d 1080 (9thCir. 2002) ................................................................... 9, 10

## OTHER AUTHORITIES

5C WRIGHT &MILLER, FED. PRAC. &PROC. § 1392 (3d ed. 2012) ............... 12

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS**

## I.   INTRODUCTION

Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") respectfully requests the Court strike Defendant Primark US Corp.'s ("Defendant" or "Primark") affirmative defenses from their Answer because they fail as matter of law and/or do not meet the "fair notice" standard for affirmative defenses. Likewise, because they also fail as a matter of law, Deckers seeks dismissal of Defendant's Counterclaims one through four.

On January 30, 2023, Deckers filed this lawsuit against Defendant for trade dress infringement, patent infringement, and related Massachusetts common and state law claims arising from Defendant's sale of certain footwear which infringe on Deckers' Classic Ultra Mini Trade Dress and U.S. Pat. No. D927,161 ("the '161 Patent").


The Accused Product


UGG® Classic Ultra Mini


'161 Patent

Primarily, several of Defendant's affirmative defenses and counterclaims fail as a matter of law because they are not actually affirmative defenses or counterclaims, but rather challenges to Deckers' case-in-chief.  For instance, Defendant's First Affirmative Defense merely alleges the Complaint "fails to allege facts sufficient to

4

support a claim upon which relief may be granted." Similarly, Affirmative Defense Nos. 2-5, 7, and 8 only challenge an aspect of Deckers' case-in-chief.

Moreover, Defendant's Affirmative Defenses also fail to meet the "fair notice" standard for affirmative defenses. Defendant's ten affirmative defenses are all alleged without any supporting factual allegations. By failing to plead any facts to support its affirmative defenses, Defendant has not met the "fair notice" standard for evaluating affirmative defenses on a Rule 12(f) motion.

Defendant's first, second, third, and fourth Counterclaims are requests for declaratory judgment finding in the inverse of Plaintiffs' claims; for example, Defendant's first counterclaim – "Judicial Declaration of Non-Infringement […]" is clearly identical to Plaintiffs' claims of Trade Dress Infringement.

For these reasons, and as discussed further below, the Court should strike Defendant's affirmative defenses one through ten and dismiss Defendant's counterclaims one through five. Doing so will simplify this case and serve the interests of justice by allowing the parties to focus on the main issue in this case—whether Defendant's Accused Product infringes on Deckers' Classic Ultra Mini Trade Dress and the '161 Patent.

## II.    STATEMENT OF FACTS

On January 30, 2023, Plaintiff filed this instant action against Defendant asserting causes of action for trade dress infringement, patent infringement, and unfair competition. ECF 1. On April 7, 2023, Defendant filed its Answer and Counterclaims

asserting ten affirmative defenses, and five counterclaims for declaratory relief.[1] ECF 15. Plaintiff now moves the Court to strike each of Defendant's affirmative defenses one through ten and dismiss and/or strike Defendant's counterclaims one through four.

## III.   DEFENDANT'S AFFIRMATIVE DEFENSES ONE THROUGH TEN SHOULD BE STRICKEN

### A. Legal Standard

With respect to affirmative defenses, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The "fair notice" standard applies to motions to strike affirmative defenses. *Book v. Moulton*, No. 3:05-cv-0875, 2005 U.S. Dist. LEXIS 33578, at *2 (N.D.N.Y. Dec. 6, 2005).  Under this standard, defendants must plead facts supporting their affirmative defenses and cannot rely on a mere reference to a legal doctrine or a bare recitation of statutory provisions. *Employers Ins. Co. of Wausau v. Crouse-Community Ctr., Inc.,* 489 F. Supp. 2d 176 (N.D.N.Y. Apr. 25, 2007) ("courts should grant these motions when the defenses presented are clearly insufficient) This enables courts to "weed out the boilerplate listing of affirmative defenses." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

---

[1] Defendant has agreed to withdraw its Fifth Counterclaim for declaratory relief dismissing Plaintiff's Claims Under Mass Gen. Laws ch. 93A.

**B. Defendant's First, Second, Third, Fourth, Fifth, Seventh and Eighth Affirmative Defenses fail as a matter of law**

**i. Defendant's First and Second Affirmative Defenses should be stricken because they are unrecognized affirmative defenses**

Almost all of Defendant's affirmative defenses should be stricken because they are not affirmative defenses and merely challenge an aspect of Plaintiff's case-in-chief. Rule 8(c)(1) provides that a party responding to a pleading must affirmatively state any avoidance or affirmative defense. An affirmative defense does not merely negate an element of a plaintiff's prima facie case; rather, it intervenes to defeat the claim even if plaintiff proves every element of its case. *See United States v. Continental Ill. Natl Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1253 (2d Cir. 1989). (striking defendant's defense alleging failure to state a claim because it was not an affirmative defense "but rather a failure of Plaintiff's *prima facie* case"); *see also Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (ruling that failure to state a claim is not an affirmative defense). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1088 (9thCir. 2002) (citing Flav-O-Rich, Inc. v. Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) (recognizing that a defense that points out a defect in the plaintiff's prima facie case is not an affirmative defense)).

Defendant's First Affirmative Defense alleges "[o]ne or more of Plaintiff's

7

claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to support a claim upon which relief may be granted." This is a blanket challenge to Plaintiff's prima facie case and Courts have long held that failure to state a claim is not an affirmative defense. *See Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010).

Defendant's Second Affirmative Defense plainly challenges the validity or enforceability of Plaintiff's Classic Ultra Mini Trade Dress Defendant's Second Affirmative Defense alleges "[…] the alleged Classic Ultra Mini Trade Dress is not valid or enforceable". This merely challenges Plaintiff's *prima facie* case for trade dress infringement. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense.") A defendant's attempt to negate an element of a claim which a plaintiff must prove is "not an affirmative defense [which] has to be pled in [an] answer." *Zivkovic*, 302 F.3d at 1088. Because Defendant's Second and First Affirmative Defenses are merely denials to Plaintiff's allegations, they should be stricken. *See TSX Toys, Inc*. v. 665, Inc., 2015 U.S. Dist. LEXIS 192520, 2015 WL 12746211, at *8 (C.D. Cal. Sept. 23, 2015) (striking general denials pled as affirmative defenses, including defenses challenging the plaintiff's prima facie; striking non-infringement defense while explaining that "[d]efenses asserting that [the defendant] did not infringe the marks [...] merely deny the allegations in [the] complaint").

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS**

### ii.  Defendant's Third, Fourth, Fifth, Seventh, and Eighth should be stricken because they are immaterial and/or redundant

Rule 12(f) allows the court to strike any affirmative defenses that are immaterial. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990).

Defendant's Third Affirmative Defense alleges that Plaintiff's Classic Ultra Mini Trade Dress is functional. The Fourth Affirmative Defense alleges that Plaintiff's Classic Ultra Mini Trade Dress is non-distinctive. Defendant's Fifth Affirmative Defense alleges there is no likelihood of confusion between Deckers' UGG® Classic Ultra Mini. First, these three defenses are not affirmative defenses but rather deny liability by disputing the plaintiff's *prima facie* case. These defenses go to the validity and enforceability of the trade dress. Functionality goes to whether a subject matter is protected and thus is a challenge to Plaintiff's case in-chief. *See Moldex-Metric, Inc. v. McKeon Prods*., 891 F.3d 878, 881 (9th Cir. 2018) ("No protection under the Lanham Act is available if the claimed trade dress is functional.") (*citing Traffix Devices v. Mktg. Displays*, 532 U.S. 23, 29 (2001); 15 U.S.C. § 1125(a)(3) ("[T]he person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional.")).

Likewise, Defendant's Seventh Affirmative Defense alleges that Plaintiff has no suffered any damages; and Defendant's Eighth Affirmative Defense alleges Defendant

9

did not infringe the '161 Patent. Again, these are merely challenge to Plaintiff's *prima facie* case. Thus, each of these would-be defenses add nothing to the case while inviting unnecessary confusion and should be stricken.

### C. All of Defendant's Affirmative Defenses fail the fair notice standard

All of Defendant's Affirmative Defenses fail the "fair notice" pleading standard and should be stricken. An affirmative defense must, at a minimum, provide the plaintiff with "fair notice" of that defense. An affirmative defense is not preserved by a general pleading of "failure to state a claim upon which relief may be granted" or by Rule 12(h)(2), which provides that such a defense may be asserted "at trial." "A general assertion that the plaintiff's complaint fails to state a claim is insufficient to protect the plaintiff from being ambushed with an affirmative defense." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003); *see also* 5C WRIGHT &MILLER, FED. PRAC. &PROC. § 1392 (3d ed. 2012) (under Rule 12(h)(2) "defenses cannot be interposed simply as a mechanism for relieving the movant from the consequences of a default."). *Tronox Inc. v. Kerr McGee Corp. (In re Tronox Inc.)*, 503 B.R. 239, 339 (Bankr. S.D.N.Y. 2013). Defendants' affirmative defenses fail this standard.

Most blatantly is Defendant's First Affirmative Defense which states only that "the Complaint fails to allege facts sufficient to support a claim upon which relief may be granted," Defendant's other affirmative defense are also deficient and fail to meet the necessary standard.

10

Defendant's equitable defenses of waiver, laches, acquiescence, or estoppel (Sixth Affirmative Defense) and unclean hands (Tenth Affirmative Defense), also fail to provide any supporting facts. Because Defendant fails to provide enough factual content to identify the factual grounds on which an affirmative defense rests, these defenses should be stricken as well. For example, a defense of laches requires the identification of the relevant statute of limitations and an explanation of what conduct caused such limitations periods to trigger and any facts that might effectively put Plaintiff on notice of the factual basis for this defense. To properly allege that Plaintiff's claims are barred by laches, Defendant must at least allege when Plaintiff discovered Defendants' infringement and that it is outside the time prescribed by the applicable statute. The same issues are true for the other defenses of acquiescence, waiver, estoppel and unclean hands.

Moreover, district courts have held that an unclean hands affirmative defense must also be pled with particularity under Fed. R. Civ. P. 9(b). *See, e.g., ADP Commercial Leasing, Inc. v. M.G. Santos, Inc.*, No. CV F 13-0587 LJO, 2013 WL 5424955, at *12 (E.D. Cal. Sept. 27, 2013); *U.S. S.E.C. v. Nothern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (granting motion to strike equitable estoppel defense and noting that equitable estoppel involves misrepresentation). The *ADP* court held that "[i]n all averments of fraud, including affirmative defenses, the circumstances constituting the fraud must be stated with particularity." *ADP*, 2013 WL 5424955, at *12. Other courts have followed the same reasoning and dismissed unclean hands

11

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS**

affirmative defenses that were unsupported by factual allegations. *See Hewitt v. Bank of Am. NA*, No. 1:13-CV-310, 2013 WL 3490668, at *8 (W.D. Mich. July 11, 2013) (finding unclean hands allegations did not comply with Rule 9(b)'s heightened pleading requirement); *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2001 WL 36043487, at *4 (N.D. Cal. Dec. 31, 2001) (same, with respect to patent claims). Defendants have offered no factual support for their unclean hands affirmative defense or, for that matter, any other equitable doctrine. Thus, these defenses should be stricken.

Defendant's Ninth Affirmative Defense (Plaintiff Lacks a Valid Design Patent) does not provide Plaintiff with fair notice because there are notably no facts pleaded supporting this defense. Thus, it does not come close to alleging sufficient facts to make the defense plausible on its face. *See Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006) (Striking defendant's affirmative defense that the patent "'is invalid, void, and unenforceable for failure to satisfy the requirements of patentability […]'" on the grounds that it was not pled with the minimal specificity necessary to give the plaintiff fair notice of the defense). Further, there are a number of reasons for which a patent may be invalid. Here, Plaintiff cannot prepare a response to general conclusions of invalidity and non-infringement. *See Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 1996 U.S. Dist. LEXIS 11700 **9-10 (N.D. Cal. July 24, 2006) (Striking defendant's affirmative defense that the patent "'is invalid, void, and unenforceable for failure to

satisfy the requirements of patentability […]'" on the grounds that it was not pled with the minimal specificity necessary to give the plaintiff fair notice of the defense). Thus, the Court should strike the Ninth Affirmative Defense.

## IV.   DEFENDANT'S COUNTERCLAIMS ONE THROUGH FOUR SHOULD BE DISMISSED, OR IN THE ALTERNATIVE STRICKEN

To survive a motion to dismiss, counterclaims must "'plausibly give rise to an entitlement to relief'" after the Court "assume[s] all 'well-pleaded factual allegations' to be true." *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A counterclaim should be dismissed only if it does not include allegations of fact sufficient to state a claim for relief that is 'plausible on its face.'" *Levitt v. Bear, Stearns & Co. Inc.*, No. 99-CV-2789 (ADS) (MLO), 2009 WL 10710738, at *2 (E.D.N.Y. Feb. 2, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Although counterclaims do not require detailed factual allegations to survive, there must be more than labels and conclusions to substantiate the litigants' entitlement to relief. *Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Here, Defendant's Counterclaims one through four should be dismissed. They do nothing more than mirror Plaintiff's claims and are duplicative, redundant, and would serve no purpose. "A district court should entertain a counterclaim for declaratory judgment if the 'judgment will serve a useful purpose in clarifying or

13

settling the legal issues involved." *Smith v. BarnesandNoble.com, LLC*, 2014 U.S. Dist. LEXIS 35623 at *3 (S.D.N.Y. March 18, 2014); *See also Maverick Recording Co.*, Nos. 07-CV-200, 07-CV-640, 2008 U.S. Dist. LEXIS 63783, 2008 WL 3884350, at *1 (E.D.N.Y. 2008) (the court found that a defendant's counterclaim was the mirror image when "[t]he central issue in these cases is whether defendants committed copyright infringement, and the defendants' counterclaim [sought] a declaratory judgment that they did not[.]").

Counterclaims one through four seek declaratory judgment regarding the very same controversy raised in Plaintiff's Complaint. Specifically, Defendant's first counterclaim for Declaratory Judgment for No Trade Dress Infringement is the inverse of Plaintiff's first claim for relief, "Trademark Infringement". Likewise, Defendant's counterclaims two, three, and four tack this pattern of inversion. As such, Defendant's counterclaims one through four should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Deckers respectfully requests the Court strike Defendant's first through tenth Affirmative Defenses and dismiss Defendant's first through fourth Counterclaims.

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS**

Dated:        April 28, 2023        By:   /s/ Jamie Fountain
                                             Brian L. Berlandi (643445)
                                             **Berlandi Nussbaum & Reitzas LLP**
                                             527 Route 22, Suite 2
                                             Pawling, New York 12564
                                             Telephone: 212-804-6329
                                             Email: bberlandi@bnrllp.com

                                             Brent H. Blakely (admitted *pro hac vice*)
                                             Jamie Fountain (admitted *pro hac vice*)
                                             **BLAKELY LAW GROUP**
                                             1334 Parkview Avenue, Suite 280
                                             Manhattan Beach, California 90266
                                             Telephone: (310) 546-7400
                                             Email: bblakely@blakelylawgroup.com
                                             jfountain@blakelylawgroup.com

                                             **Attorneys for Plaintiff**
                                             **Deckers Outdoor Corporation**

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
AND DISMISS COUNTERCLAIMS**

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

I hereby certify that on April 25, 2023, I sent Defendant's counsel a detailed correspondence requesting to meet and confer pursuant to Local Rule 7.1 regarding Plaintiff's anticipated motion to strike affirmative defenses and dismiss counterclaims. On April 28, 2023, I met and conferred with Defendant's counsel regarding Plaintiff's anticipated motion. While the parties were unable to come to an agreement regarding Plaintiff's motion to strike Affirmative Defenses One through Ten and Counterclaims One through Four, Defendant agreed to withdraw its Counterclaim Five.


Dated:     April 28, 2023     By:     /s/ Jamie Fountain_____
                                       Brian L. Berlandi (643445)
                                       **Berlandi Nussbaum & Reitzas LLP**
                                       527 Route 22, Suite 2
                                       Pawling, New York 12564
                                       Telephone: 212-804-6329
                                       Email: bberlandi@bnrllp.com

                                       Brent H. Blakely (admitted *pro hac vice*)
                                       Jamie Fountain (admitted *pro hac vice*)
                                       **BLAKELY LAW GROUP**
                                       1334 Parkview Avenue, Suite 280
                                       Manhattan Beach, California 90266
                                       Telephone: (310) 546-7400
                                       Email: bblakely@blakelylawgroup.com
                                       jfountain@blakelylawgroup.com

                                       **Attorneys for Plaintiff**
                                       **Deckers Outdoor Corporation**

16

**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
AND DISMISS COUNTERCLAIMS**