**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

DECKERS OUTDOOR CORPORATION,

Plaintiff,

v.

PRIMARK US CORP.,

Defendant.

C.A. NO. 1:23-cv-10233-ADB

**PRIMARK'S OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND
DISMISS COUNTERCLAIMS**

Defendant, Primark US CORP. ("Primark" or "Defendant"), by its counsel, respectfully requests that the Court deny Plaintiff, Deckers Outdoor Corporation's ("Deckers" or "Plaintiff"), Motion to Strike Defendant's Affirmative Defenses and Dismiss Counterclaims.

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................1

II.    DECKERS FAILURE TO COMPLY WITH L.R. 7.1. ...................1

       A.    Legal Requirement of Local Rule 7.1 ................................1

       B.    Plaintiff's Motion to Strike Should be Denied for Failure to
             Comply with Local Rule 7.1 ..........................................2

III.   PRIMARK'S AFFIRMATIVE DEFENSES ARE SUFFICIENTLY
       PLED AND SHOULD NOT BE STRICKEN ..............................3

       A.    Legal Standards for Motions to Strike Affirmative Defenses .............3

       B.    Deckers has Failed to Assert, and Cannot Reasonably Claim,
             that Maintaining Primark's Affirmative Defenses and
             Counterclaims Will Cause it Prejudice ................................7

       C.    Primark's Affirmation Defense No. 1 for "Failure to State a
             Claim" is a Cognizable Affirmative Defense and Has Been
             Adequately Pled ......................................................8

       D.    Primark's Affirmative Defense No. 2 that Deckers' Alleged
             Trade Dress is Invalid is a Cognizable Affirmative Defense and
             Has Been Adequately Pled ............................................9

       E.    Primark's Affirmative Defenses Nos. 3–5, 7 and 8 are Neither
             Redundant or Immaterial..............................................9

       F.    All of Primark's Affirmative Defenses Provide Fair and
             Adequate Notice to Deckers of the Nature of the Dispute and its
             Intention to Litigate .................................................11

             1.    Primark's Affirmative Defenses Nos. 2–5 Setting Forth
                   Defenses to Decker's Allegation of Trade Dress
                   Infringement are Adequately Pled ............................11

             2.    Primark's Affirmative Defenses No. 6 is Adequately Pled......12

3. Primark's Affirmative Defense No. 9 for Patent Invalidity is Adequately Pled. .................................................... 13

4. Affirmative Defense No. 10, Which Regards the Defense of Unclean Hands, is not Subject to Heighted Rule 9 Pleading Standard ................................................................... 14

IV. PRIMARK'S COUNTERCLAIMS ARE SUFFICIENTLY PLEAD AND SHOULD NOT BE DISMISSED OR STRICKEN ............................ 14

A. Legal Standard for Motion to Strike Counterclaims .......................... 15

B. Primark's Trade Dress Counterclaims Nos. 1-2 are Neither Redundant or Immaterial, and are Sufficiently Pled. ......................... 15

C. Primark's Design Patent Counterclaims Nos. 3-4 are Neither Redundant Nor Immaterial and are Sufficiently Pled. ....................... 17

V. CONCLUSION ............................................................................................. 19

# TABLE OF AUTHORITIES

## Cases

*4MVR, LLC v. Hill*
  *2015 U.S. Dist. LEXIS 81904 (D. Mass. June 24, 2015)*.................................................. 5

*Abrazinski v. Dubois*
  *876 F. Supp. 313 (Mass. 1995)*.......................................................................................... 2

*Asphaltos Trade, S.A. v. Bituven P.R., LLC*
  *2021 U.S. Dist. LEXIS 48473 (D. PR March 15, 2021)* ..................................................... 7, 9

*Avalanche IP, LLC v. Fam, LLC*
  *2021 U.S. Dist. LEXIS 7953 (D. Mass. Jan. 15, 2021)*....................................................... 8

*Bennett v. Spoor Behrins Campbell & Young, Inc.*
  *124 F.R.D. 562 (S.D.N.Y. 1989)* ........................................................................................ 4

*Bio–Vita, Ltd. v. Rausch*
  *759 F. Supp. 33 (D. Mass. 1991)* ........................................................................................ 3

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*
  *402 U.S. 313 (1971)* ............................................................................................................ 5

*Boldstar Technical, LLC v. Home Depot, Inc.*
  *517 F. Supp. 2d 1283 (S.D. Fla. 2007)* ............................................................................... 18

*Boreri v. Fiat S.p.A.*
  *763 F.2d 17 (1st Cir. 1985)* ............................................................................................. 3, 6, 15

*Coach, Inc. v. Kmart Corps.*
  *756 F. Supp. 2d 421 (S.D.N.Y. 2010)*................................................................................. 9

*Computerland Corp. v. Microland Computer Corp.*
  *586 F. Supp. 22 (N.D. Cal. 1984)* ...................................................................................... 9

*Converse Inc. v. Reebok Int'l, Ltd.*
  *328 F. Supp. 2d 166 (D. Mass. 2004)* ................................................................................. 2

*Davignon v. Clemmey*
  *322 F.3d 1 (1st Cir. 2003)* ............................................................................................. 5, 11

*Deniece Design, LLC v. Braun*
  *953 F. Supp. 2d 765 (S.D. Tex. 2013)*................................................................................. 18

*Elan Pharma Int'l. Ltd. v. Lupin Ltd.*
  *2010 U.S. Dist. LEXIS 32306 (D.N.J. Mar. 31, 2010)*........................................................ 18

*F.T.C. v. Hope Now Modifications, LLC*
  *2011 WL 883202 (D.N.J. Mar. 10, 2011)* ........................................................................... 6

*GI Sportz, Inc. v. Valken, Inc.*
  *2017 U.S. Dist. LEXIS 91991 (D.N.J. June 15, 2017)*........................................................ 9

*Graham v. State Univ. of N.Y. at Albany*
  *2020 U.S. Dist. LEXIS 39061 (N.D.N.Y. Mar. 6, 2020)* ..................................................... 8

*Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*
  *No. 1:10-cv-3008-AT, 2011 U.S. Dist. LEXIS 135675 (N.D. Ga. Aug. 1, 2011)* ...................... 18

*Haley Paint Co. v. E.I. Du Pont De Nemours and Co.*
  *279 F.R.D. 331 (D. Md. 2012)* ......................................................................................... 10

*Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*
  *287 F.R.D. 119 (D. Mass. 2012)* ......................................................................................... 4

*Honeywell Consumer Prods., Inc. v. Windmere Corp.*
  *993 F.Supp. 22 (D. Mass. 1998)* ................................................................................ 4, 6, 15

*Intelytics Inc. v. Modiv Media, Inc.*
  *No. 12-636 S, 2013 U.S. Dist. LEXIS 69669 (D.R.I. May 16, 2013)* ....................................... 13

*InvestmentSignals, LLC v. Irrisoft, Inc.*
  *2011 D. NH 124, 2011 WL 3320525 (D.N.H. Aug. 1, 2011)* .................................................... 7

*Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*
  *2017 U.S. Dist. LEXIS 140479 (D. Mass. Aug. 30, 2017)* ...................................................... 13

*Little Kids, Inc. v. 18th Ave. Toys, Ltd.*
  *No. 18-533WES, 2019 U.S. Dist. LEXIS 101366 (D.R.I. June 18, 2019)* ................................ 16

*Lopez v. Resort Airlines*
  *18 F.R.D. 37 (S.D.N.Y. 1955)* ......................................................................................... 10

*Marrero-Rolon v. Autoridad De Energia Electrica De P.R.*
  *2017 U.S. Dist. LEXIS 218432 (D.P.R. Jan. 3, 2017)* ............................................................ 8

*Martinez v. Hubbard*
  *172 F. Supp. 3d 378 (D. Mass. 2016)* ................................................................................. 1

*Morell v. United States*
  *185 F.R.D. 116 (D.P.R. 1999)* .................................................................................... 6, 7, 10

*Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*
  *2014 U.S. Dist. LEXIS 105054 (E.D. Cal. July 30, 2014)* ....................................................... 9

*Nelson v. Univ. of Me. Sys.*
  *914 F. Supp. 643 (D. Me. 1996)* ......................................................................................... 6

*OgoSport LLC v. Maranda Enters. LLC*
  *2011 U.S. Dist. LEXIS 107168 (E.D. Wis. Sept. 20, 2011)* .................................................... 17

*Owen v. Am. Shipyard Co., LLC*
  *2016 U.S. Dist. LEXIS 50312 (D.R.I. Apr. 14, 2016)* .............................................................. 4

*PetEdge, Inc. v. Fortress Secure Sols., LLC*
  *2016 U.S. Dist. LEXIS 12201 (D. Mass. Feb. 2, 2016)* ..................................................... 13, 14

*PetEdge, Inc. v. Yahee Techs. Corp.*
  *2017 U.S. Dist. LEXIS 66663 (D. Mass. May 2, 2017)* ...................................................... 6, 15

*Pfizer Inc. v. Apotex Inc.*
  *726 F. Supp.2d 921 ( N.D Ill. 2010)* ................................................................................. 18

*Robinson v. Johnson*
  313 F.3d 128 (3d Cir. 2002)..................................................................... 5

*Rodriguez Rios v. Puerto Rico Ports Auth.*
  2005 U.S. Dist. LEXIS 36255, 2005 WL 1669565 (D.P.R. July 18, 2005).............................. 8

*Symbol Techs., Inc. v. Aruba Networks, Inc.*
  609 F.Supp.2d 353 (D. Del. 2009)............................................................... 6

*Teirstein v. AGA Medical Corp.*
  No. 06:08–CV–14, 2009 WL 704138 (E.D.Tex. Mar. 16, 2009) ............................... 17

*Telecom Brokerage, Inc. v. Gryphone Telecom Consultants, LLC*
  No. CIV.A. 13-12416-LTS, 2014 WL 407725 (D. Mass. Jan. 31, 2014) ..................... 11, 12, 14

*Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group,*
  2015 U.S. Dist. LEXIS 98939 (C.D. Cal. July 8, 2015)........................................... 16

*Traincroft, Inc. v. Ins. Co.*
  2014 U.S. Dist. LEXIS 85170 (D. Mass. June 23, 2014).......................................... 5

*United States v. Rahman*
  2020 U.S. Dist. LEXIS 159834 (D. NH September 2, 2020) ................................. 3, 7

*United States v. Sampson*
  820 F. Supp. 2d 202 (D. Mass. 2011)........................................................... 6

*United States v. Vaughan*
  875 F. Supp. 36 (D. Mass. 1995)............................................................... 2

*Vazquez-Robles v. CommoLoCo, Inc.*
  186 F. Supp. 3d 138 (D. PR 2016)............................................................. 5

*Williams v. Ashland Eng'g Co.*
  45 F.3d 588 (1st Cir. 1995) .................................................................. 5

## Other Authorities

*Federal Practice & Procedure § 1380 (3d ed. 2011)*..................................................... 6

*Federal Practice and Procedure § 1382 (3d. ed. 2004)*............................................. 6, 10

*Federal Practice and Procedure, § 1381 (3d. ed. 2004)*................................................ 7

*Federal Practice and Procedure, § 1381 at 672 (1990)*................................................. 6

## Rules

*Fed. R. Civ. P. 12(f)* ......................................................................... 6, 10

*Fed. R. Civ. P. 8(b)* .......................................................................... 4

*Fed. R. Civ. P. 8(c)* .......................................................................... 5

*Fed. R. Civ. Pro. 12(f)*........................................................................ 15

## I.      INTRODUCTION

Without citing any supporting or controlling case law,[1] Deckers churns out much paper making the extraordinary (and disfavored) request that this Court strike all of Primark's affirmative defenses and dismiss all of Primark's counterclaims (collectively, "motion to strike").  While doing so, Deckers has failed to comply with this Court's Local Rule 7.1.

Primark has sufficiently pled its affirmative defenses and counterclaims and provided Deckers with sufficient notice thereof.   Deckers has failed to show that it is in any way prejudiced by the inclusion of these affirmative defenses and counterclaims.  In contrast, the issues raised in Primark's affirmative defenses and counterclaims are central to Primark's overall defense.  (e.g. design patent and trade dress invalidity, design patent and trade dress non-infringement.) Accordingly, this Court should deny Primark's motion to strike.

## II.     DECKERS FAILURE TO COMPLY WITH L.R. 7.1.

### A.       Legal Requirement of Local Rule 7.1

Local Rule 7.1(a)(2) ("LR. 7.1") requires that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  D. Mass. LR. 7.1(a)(2).  "Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources. Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well."  *Martinez v. Hubbard*, 172 F. Supp. 3d 378, 385 (D. Mass. 2016).  The purpose of LR. 7.1 is to conserve judicial resources by encouraging parties to narrow the contours of disagreement before bringing their dispute to the court.  LR. 7.1 does not have a "no harm, no foul" escape clause. *Converse Inc. v. Reebok Int'l,*

---

[1] Oddly, Decker's cites mainly 9th Circuit and California case law, much of which is in conflict with 1st Circuit and Massachusetts precedent.

*Ltd.*, 328 F. Supp. 2d 166, 170 (D. Mass. 2004).

**B.    Plaintiff's Motion to Strike Should be Denied for Failure to Comply with Local Rule 7.1**

Although Deckers attached a Rule 7.1 certification to its motion to strike, that certification is inaccurate and inadequate.  Contrary to Deckers' statements in the certification, Deckers did not notify and confer with Primark on numerous allegations that it included in its motion to strike as required by LR. 7.1.

Specifically, Deckers did not notify Primark that it intended to assert:

- any allegations against Affirmative Defense No. 1,
- that Affirmative Defenses Nos. 3-5, 7 and 8 should be stricken because they are somehow "immaterial and/or redundant," or
- that Affirmative Defenses Nos. 1-5 and 7-8 somehow failed to provide "fair notice."

(Collectively, "Deckers' New Allegations").  This failure to comply with L.R. 7.1 is reason alone to deny Deckers' current motion.  *See United States v. Vaughan*, 875 F. Supp. 36, 46 (D. Mass. 1995) (denying a motion to suppress in part based on counsel's failure to comply with Local Rule 7.1); *Converse Inc. v. Reebok Int'l, Ltd.*, 328 F. Supp. 2d 166, 171 (D. Mass. 2004) (sanctioning Converse $15,000 for failure to comply with Local Rule 7.1).  *See also Abrazinski v. Dubois*, 876 F. Supp. 313 (Mass. 1995) (summary judgment motion denied for failure to comply with local rules, including L.R. 7.1 and L.R. 56.1).

By way of background, in correspondence dated April 25, 2023, Deckers first advised Primark of its intention to file a motion to strike and requested a meet and confer.  *See* Exhibit 1, Deckers' correspondence dated April 25, 2023.  In that correspondence, Deckers specified that its motion was going to be based on the following allegations:

1. Affirmative Defenses 2, 3, 4, 5, 7, and 8 do not raise any cognizable affirmative defenses;

2. Affirmative Defense 6, 9, and 10 fail as a matter of law and fail to meet the fair notice standard; and

3. Counterclaims 1-5 only challenge plaintiff's case-in-chief.

("Deckers Disclosed Allegations").  On April 28, 2023, the parties conferred *via* telephone about the contemplated motion to strike and discussed Deckers Disclosed Allegations.  *See* Exhibit 2 and 3, Declarations of DiCerbo and Carani.  Deckers made no mention of Deckers' New Allegations. Further, at no time prior to the filing of its motion did Deckers apprise Primark of Deckers New Allegations.

Because Deckers failed to provide Primark with the required notice of Deckers' New Allegations and did not attempt in good faith to resolve or narrow the issues pursuant to LR. 7.1, Primark and this Court are now forced to expend precious time, effort, and resources addressing those allegations, impeding the Court's processes and more meaningful activities that the parties should be engaged in regarding this matter.  For failing to comply with LR. 7.1, this Court should not consider Deckers' New Allegations.

## III.    PRIMARK'S AFFIRMATIVE DEFENSES ARE SUFFICIENTLY PLED AND SHOULD NOT BE STRICKEN

### A.    Legal Standards for Motions to Strike Affirmative Defenses

As a preliminary matter, courts "overwhelmingly disfavor motions to strike defenses." *United States v. Rahman*, 2020 U.S. Dist. LEXIS 159834, *2 (D. NH September 2, 2020)(citing *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985) (noting that motions to strike "are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion"); *Bio–Vita, Ltd. v. Rausch*, 759 F. Supp. 33, 39 (D. Mass. 1991). "'The general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial.'" *Id.* (*quoting Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563

(S.D.N.Y. 1989). Accordingly, such motions "should be granted only when it is beyond cavil that the defendant could not prevail on them." *Honeywell Consumer Prods., Inc. v. Windmere Corp*., 993 F.Supp. 22, 24 (D. Mass. 1998) (internal quotation marks and alterations omitted).

Rule 8(b) of the Federal Rules of Civil Procedure, which states the pleading standard for defenses, requires only that a defendant "state" its defenses in "short and plain terms." *See* Fed. R. Civ. P. 8(b).  In contrast, Fed. R. Civ. P. 8(a), which states the pleading standards for claims, is more demanding, requiring a statement "showing" that the plaintiff is entitled to relief.

Applying different pleading standards recognizes the differences between these words; "showing" requires some factual underpinnings to plead a plausible claim, while "stating" contemplates that defendants can plead their defenses in a more cursory fashion.

*Owen v. Am. Shipyard Co., LLC*, 2016 U.S. Dist. LEXIS 50312, at *1-3 (D.R.I. Apr. 14, 2016). This distinction makes practical sense as plaintiffs generally have ample time to investigate and develop their claims prior to filing suit, whereas defendants receive only twenty-one days to identify their defenses. *Id.* ("It is inappropriate to hold plaintiffs and defendants to the same pleading standard when a plaintiff has the entirety of the statute of limitations period to gather facts for its complaint and the defendant has only twenty-one days to ascertain its defenses, some of which are in danger of being waived if not asserted in the answer.")  Considerations of fairness thus support allowing a defendant to outline its defenses with less detail. *See Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc*., 287 F.R.D. 119, 122-23 (D. Mass. 2012).

Rule `8 also states that "a party must affirmatively state any avoidance or affirmative defense, including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver."

Fed. R. Civ. P. 8(c).  "Rule 8(c) is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense." *Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003).  Primark's other affirmative defense meet this purpose – that is, to avoid surprise and undue prejudice to the plaintiff. *See Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002)("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.")(citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)); *see also Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 593 (1st Cir. 1995) ("The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued.")).

To comply with Rule 8(c), an affirmative defense "must merely identify the issue adequately." *Vazquez-Robles v. CommoLoCo, Inc.*, 186 F. Supp. 3d 138, 148 (D. PR 2016)(An affirmative defense of "claims are in whole or in part barred by the applicable statute of limitations" is sufficient.)  Even "boilerplate" affirmative defenses meet the lower requirements of Rule 8(c).  *Traincroft, Inc. v. Ins. Co.*, 2014 U.S. Dist. LEXIS 85170, at *7-11 (D. Mass. June 23, 2014).  In support of its holding, the *Traincraft* court noted that "one major rationale for heightened pleading [in complaints] is limiting the burden of discovery, to which affirmative defenses generally add little marginal cost." *Id*. at *10; *see also 4MVR, LLC v. Hill,* 2015 U.S. Dist. LEXIS 81904, at *24 (D. Mass. June 24, 2015) (citing *Traincroft* favorably and denying a motion to strike affirmative defenses for similar reasons).

While Rule 8 sets forth a relatively low bar for pleading, a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f).  However, Rule 12(f) "[m]otions to strike . . . are disfavored, and they are rarely granted absent a showing of prejudice to the moving party." *Nelson v. Univ. of Me. Sys.*, 914 F. Supp. 643, 646 (D. Me. 1996) (citing Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1381 at 672 (1990)). This is because "striking a portion of a pleading is a drastic remedy and it is often sought by the movant simply as a dilatory or harassing tactic." *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (quoting 5C Charles Alan Wright, et al., *Federal Practice & Procedure* § 1380 (3d ed. 2011)); *Morell v. United States*, 185 F.R.D. 116, 117 (D.P.R. 1999); *see also Boreri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir.1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion."); *Honeywell Consumer Prods., Inc. v. Windmere Corp.,* 993 F. Supp. 22, 24 (D. Mass. 1998) ("Motions to strike defenses . . . should be granted only when it is beyond cavil that the defendants could not prevail on them.") (quotations omitted); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 434-36 (3d. ed. 2004)("Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or time wasters. . .")).

To succeed on a Rule 12(f) motion to strike, prejudice to the moving party is required. "Even when technically appropriate, motions to strike are not typically granted absent a showing of prejudice to the moving party." *PetEdge, Inc. v. Yahee Techs. Corp.*, 2017 U.S. Dist. LEXIS 66663, at *4 (D. Mass. May 2, 2017) (*quoting United States v. Sampson*, 820 F. Supp. 2d 202, 241 (D. Mass. 2011); *see also Nelson v. Univ. of Me. Sys.*, 914 F. Supp. 643, 646 (D. Me. 1996); s*ee also, F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 883202, *1 (D.N.J. Mar. 10, 2011) (*citing Symbol Techs., Inc. v. Aruba Networks, Inc*., 609 F.Supp.2d 353, 359 (D. Del. 2009)) ("Even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike

should not be granted unless the presence of the surplusage will prejudice the adverse party."); 5C

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1381 (3d ed. 2004)

("even when technically appropriate and well-founded, Rule 12(f) motions often are not granted

in the absence of a showing of prejudice to the moving party.").

      In addition to prejudice, a district court should not grant a Rule 12(f) motion to strike unless

"the allegations being challenged are so unrelated to plaintiff's claim as to be unworthy of any

consideration as a defense." *Asphaltos Trade, S.A. v. Bituven P.R., LLC*, 2021 U.S. Dist. LEXIS

48473, *4 (D. PR March 15, 2021)(quoting *Morell,* 185 F.R.D. at 118).  "This high bar is in line

with the notion that '[a]n affirmative defense need not be plausible to survive; it must merely

provide fair notice of the issue involved.'"  *United States v. Rahman*, 2020 U.S. Dist. LEXIS

159834, *2 (D. NH September 2, 2020)(*quoting InvestmentSignals, LLC v. Irrisoft, Inc.*, 2011 D.

NH 124, 2011 WL 3320525, at *2 (D.N.H. Aug. 1, 2011) (internal quotation marks omitted).

**B.**    **Deckers has Failed to Assert, and Cannot Reasonably Claim, that Maintaining Primark's Affirmative Defenses and Counterclaims Will Cause it Prejudice**

      In its fourteen-page memorandum, Deckers never articulates how it will be prejudiced by

the inclusion of Primark's affirmative defenses or counterclaims.  Because the burden falls on

Deckers to establish prejudice, the Court should not strike any of Primark's stated affirmative

defense or counterclaims.

      To be sure, allowing Primark's affirmative defenses and counterclaims to proceed will not

prejudice Deckers, nor will they add significant costs or complexity to this case. As Deckers has

accused Primark of patent and trademark infringement, the scope of discovery for those issues

already includes the material that would be relevant to the challenged affirmative defenses and

counterclaims.

C.    **Primark's Affirmation Defense No. 1 for "Failure to State a Claim" is a Cognizable Affirmative Defense and Has Been Adequately Pled**

Deckers incorrectly contends that Primark's "failure to state a claim" affirmative defense (Affirmative Defense 1) should be dismissed because it "is not an affirmative defense." (Deckers' Br. at 7-8). In support, Deckers cites a lone N.D. Cal. case that does not comport with this Court's precedent.[2] *Id.*

Under Federal Rule of Civil Procedure 12(b), a party can assert a failure-to-state-a-claim defense either in a responsive pleading or by motion.  *See Avalanche IP, LLC v. Fam, LLC*, 2021 U.S. Dist. LEXIS 7953, at *27 (D. Mass. Jan. 15, 2021) ("In the context of an affirmative defense, however, the Court is not currently prepared to find that 'it is beyond cavil that [FAM] could not prevail on' its failure-to-state-a-claim defense and will not strike it."); *see also*, *Rodriguez Rios v. Puerto Rico Ports Auth.*, 2005 U.S. Dist. LEXIS 36255, 2005 WL 1669565, at *1 (D.P.R. July 18, 2005) (finding  that failure to state a claim may  be  pled  as an affirmative defense); *Marrero-Rolon v. Autoridad De Energia Electrica De P.R.*, 2017 U.S. Dist. LEXIS 218432, at *11 (D.P.R. Jan. 3, 2017)(denying motion to strike a failure-to-state-a-claim affirmative defense).

Moreover, "[s]everal courts have found that 'a failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs.'" *Graham v. State Univ. of N.Y. at Albany,* 2020 U.S. Dist. LEXIS 39061, at *4 (N.D.N.Y. Mar. 6, 2020)(*quoting Coach, Inc. v.*

---

[2] The case cited by Deckers, *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010), applied the heightened pleading standard of *Twombly* and *Iqbal* to Defendant's affirmative defenses, a standard not adopted by the 1st Circuit or this Court.  See, e.g., *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 287 F.R.D. 119, 123 (D. Mass. 2012); *Traincroft, Inc. v. Ins. Co.*, 2014 U.S. Dist. LEXIS 85170, at *11 (D. Mass. June 23, 2014)("Court finds the latter view persuasive and therefore declines to extend the pleading standards described in *Iqbal* and *Twombly* to affirmative defenses.).

*Kmart Corps.*, 756 F. Supp. 2d 421, 432 (S.D.N.Y. 2010)).

Absent a compelling explanation of (i) why there is no question of fact or law that might allow this defense to succeed and (ii) why the Plaintiff will be prejudiced by its inclusion, the Plaintiff has failed to meet his burden under Rule 12(f).

### D.     Primark's Affirmative Defense No. 2 that Deckers' Alleged Trade Dress is Invalid is a Cognizable Affirmative Defense and Has Been Adequately Pled

Deckers states that Defendant's second affirmative defense should be stricken because it is an unrecognized affirmative defense as it "merely challenges Plaintiff's prima facie case for trade dress infringement." (Deckers Br. at 8.)  This argument does not have merit.

Although a plaintiff must establish the validity of its trademark, "courts have recognized that invalidity 'is effectively an affirmative defense to claims of infringement, unfair source designation and other allegations of unfair competition.'"  *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*, 2014 U.S. Dist. LEXIS 105054, at *6 (E.D. Cal. July 30, 2014) (*quoting Computerland Corp. v. Microland Computer Corp*., 586 F. Supp. 22, 24 (N.D. Cal. 1984)); *see also*, *GI Sportz, Inc. v. Valken, Inc.*, 2017 U.S. Dist. LEXIS 91991, at *11 (D.N.J. June 15, 2017) (denying motion to strike defendant's affirmative defense that the asserted trade dress was invalid and unenforceable because the affirmative defense put plaintiff on notice regarding defendant's defenses to the trade dress infringement claim, was not "redundant, immaterial, impertinent, or scandalous," and was in no way prejudicial to plaintiff.)

### E.     Primark's Affirmative Defenses Nos. 3–5, 7 and 8 are Neither Redundant or Immaterial

Deckers complains that Affirmative Defenses 3–5, 7 and 8 are "redundant" or "immaterial."  Deckers does not, however, articulate how these defenses are "redundant" or "immaterial."   Even if an affirmative defense is redundant, a court is not required to strike it. *Asphaltos Trade, S.A. v. Bituven P.R., LLC*, 2021 U.S. Dist. LEXIS 48473, at *11-12 (D.P.R. Mar.

15, 2021)(*citing Lopez v. Resort Airlines*, 18 F.R.D. 37, 40 (S.D.N.Y. 1955); *Lopez v. Resort Airlines,* 18 F.R.D. 37, 40 (S.D.N.Y. 1955).   It is "the generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant. . . . Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings."  Wright & Miller, § 1382. Thus, a motion to strike redundant defenses will be denied when it appears that the defense is sufficient as a matter of law or where such a defense raises questions of fact or law that should be heard at trial. Fed. R. Civ. P. 12(f). *See Morell v. United States*, 185 F.R.D. 116, 118 (D.P.R. 1999).

Deckers offers no reason to believe that the challenged defenses are immaterial or will cause any prejudice.  Rather, Deckers argues that Affirmative Defenses 3–5 "deny liability by disputing the plaintiff's *prima facie* case."  (Deckers Br. at 9.)  Similarly, Deckers argues that Affirmative Defenses 7 and 8 "merely challenge [ ] Plaintiff's *prima facie* case."  (Deckers Br. at 10.)  By asserting that these defenses challenge elements central to its case, Primark is effectively admitting that the issues raised in these defenses are material to this matter.  Thus, Deckers' request to strike these defenses constitutes nothing more than a time-wasting request to "prun[e] or polish[]" the pleadings to its liking. *Id.*; *see also Haley Paint Co. v. E.I. Du Pont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md. 2012) (exercising discretion not to strike defenses where plaintiffs "articulated no prejudice that would result from a denial of their motion").

Deckers can point to no prejudice that it will suffer by the inclusion of these affirmative defenses in the case. If Deckers will take discovery of a relevant issue that Primark denied in its Answer, no prejudicial "clutter" exists to increase the discovery that needs to be performed in light of the affirmative defenses.  For example, if the parties will take discovery on trademark validity, then functionality, for example, is going to be a part of that investigation.

Because Deckers fails to show prejudice or that these defenses are "not possible" under any set of facts, Affirmative Defenses 3–5, 7 and 8 should not be stricken for "redundancy" or "immateriality."

### F.   All of Primark's Affirmative Defenses Provide Fair and Adequate Notice to Deckers of the Nature of the Dispute and its Intention to Litigate

Deckers argues that each of Primark's affirmative defenses fail to provide fair notice because they allegedly do not "provide enough factual content to identify the factual grounds on which an affirmative defense rests." (Deckers Br. at 10-11). Deckers' argument has been expressly rejected by courts in this District as it attempts to impart a heighted pleading standard not required for affirmative defenses. *See e.g.*, *Telecom Brokerage, Inc. v. Gryphone Telecom Consultants, LLC*, No. CIV.A. 13-12416-LTS, 2014 WL 407725, at *1 (D. Mass. Jan. 31, 2014) (denying motion to strike affirmative defenses of waiver, unclean hands, estoppel, and laches, where plaintiff argued that each were plead as a "bare reference to a legal doctrine, without any factual support.").

The First Circuit has stated that "Rule 8(c) is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense." *Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003). Thus, under the law of this District, the affirmative defenses presented in Primark's answer provide adequate notice to Deckers, comport with pleading practice in the First Circuit, and should not be stricken. *See Telecom Brokerage, Inc.*, 2014 WL 407725, at *1.

### 1.   Primark's Affirmative Defenses Nos. 2–5 Setting Forth Defenses to Decker's Allegation of Trade Dress Infringement are Adequately Pled

Primark's affirmative defense that Deckers lacks a valid trade dress (Affirmative Defense

2), that the trade dress is functional (Affirmative Defense 3), that the trade dress lacks distinctiveness (Affirmative Defense 4), and that no trademark infringement occurred (because no risk of confusion exists, Affirmative Defense 5) are legal doctrines that have readily identifiable elements under First Circuit and U.S. Supreme Court case law.  Deckers identifies some of the relevant case law for these intellectual property claim defenses, showing that Deckers is on fair notice. (Deckers Br. at 9 (explaining the legal requirements to establish the validity and enforceability of the trade dress.))

To the extent any questions still exist, when Deckers reads the affirmative defense in light of Counterclaim Counts I and II, there will be no issue of fair notice or prejudice.  In those counts Primark seeks declarations of non-infringement and invalidity for the alleged trade dress, thus Primark has offered pled, and not just "inferable" sets of facts. Any contention that Deckers has not received fair notice of these trade dress-specific grounds is baseless. Accordingly, Affirmative Defenses 2–5 should not be stricken.

### 2.     Primark's Affirmative Defenses No. 6 is Adequately Pled

Primarks' Affirmative Defense 6 raises the equitable defenses of waiver, laches, acquiescence, and/or equitable estoppel.  Deckers argues that this affirmative defense does not "provide any supporting facts" to determine its plausibility, and should therefore be struck. (Deckers' Br. at 11). Deckers further argues that Primark has not alleged any facts to satisfy any of the elements of waiver, laches, acquiescence, or equitable estoppel. *Id.*

Deckers incorrectly applies the heightened pleading standards to Primark's waiver, laches, acquiescence, and/or equitable estoppel affirmative defenses. *See Telecom Brokerage, Inc. v. Gryphone Telecom Consultants, LLC*, 2014 U.S. Dist. LEXIS 12276, at *3 (D. Mass. Jan. 30, 2014) (Denying motion to strike affirmative defenses of waiver, unclean hands, estoppel, and laches for being merely a "bare reference to a legal doctrine, without any factual support" because

the pleadings "comport with pleading practice in the First Circuit."); *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, 2017 U.S. Dist. LEXIS 140479, at *22-23 (D. Mass. Aug. 30, 2017) ("[W]ithout Federal Circuit case law expressly indicating that all equitable defenses in patent cases, by rule, are subject to Rule 9(b), the Court will not strike those defenses at this stage of the litigation."); *PetEdge, Inc. v. Fortress Secure Sols., LLC*, 2016 U.S. Dist. LEXIS 12201, at *9 n.1 (D. Mass. Feb. 2, 2016); *Intelytics Inc. v. Modiv Media, Inc.*, No. 12-636 S, 2013 U.S. Dist. LEXIS 69669, at *3-4 (D.R.I. May 16, 2013) (Denying motion to strike Defendants' affirmative defense for waiver, estoppel, and laches because defendants have "affirmatively state[d] any avoidance or affirmative defense" and "at this stage of the proceedings, the level of detail and proof Plaintiff seeks is not required.") Thus, Affirmative Defense 6 is sufficiently pled and should not be stricken.

### 3.     Primark's Affirmative Defense No. 9 for Patent Invalidity is Adequately Pled.

Patent invalidity is a well-recognized affirmative defense. Affirmative Defense 9 sets forth all of the information to state the defense to meet the threshold of Rule 8(c).  Affirmative Defense 9 specifies the patent by number and the sections of the Patent Act that are not met:

> Plaintiff's claims are barred, in whole or in part, because the asserted D927,161 patent allegedly held by Plaintiff is not valid and enforceable for failure to meet the requirements of 35 U.S.C. § 171 et. seq., including, without limitation, §§ 102, 103, 112, and/or 116, and the rules, regulations and laws pertaining thereto.

Primark Answer, Affirmative Defense 9.  Nothing more is needed.  *Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd.*, 2017 U.S. Dist. LEXIS 140479, at *21 (D. Mass. Aug. 30, 2017) ("simply asserting invalidity and basing that assertion on multiple statutes, all in the disjunctive, is insufficient" to satisfy the requirement of Rule 8(c))(citing *Intelytics Inc. v. Modiv Media, Inc.*, 2013 U.S. Dist. LEXIS 69669, 2013 WL 12030016, at *1 (D.R.I. May 16, 2013)). Thus, Affirmative Defense 9 for patent invalidity is sufficiently pled and should not be stricken.

### 4. Affirmative Defense No. 10, Which Regards the Defense of Unclean Hands, is not Subject to Heighted Rule 9 Pleading Standard

Deckers also contends that Primark's unclean hands affirmative defense (Affirmative Defense 10) is subject to, and fails to meet, the heightened pleading standard of Rule 9(b). (Deckers Br. at 11-12). But courts in this District have rejected this approach.  Instead, they have concluded that equitable defenses, including unclean hands, and even if "pleaded vaguely," do not require the heightened pleading standards of Rule 9(b) where the asserting party does not explicitly allege fraud. *See Petedge, Inc., LLC*, 2016 WL 407065, at \*4.  Here, fraud is not alleged. Thus, the Court should refuse to apply the heightened pleading standard of Rule 9(b) to Primark's unclean hands affirmative defense.[3]   *See e.g.*, *Petedge, Inc. v. Fortress Secure Sols., LLC*, 2016 WL 407065, at \*4 (D. Mass. Feb. 2, 2016) (refusing to strike unclean hands affirmative defense and determining that Federal Circuit case law did not expressly indicate that all equitable defenses, including unclean hands, in patent cases, by rule, were subject to Rule 9(b)); *Telecom Brokerage, Inc.*, 2014 WL 407725, at \*1 (Refusing to strike unclean hands affirmative defenses where plaintiff argued that the defense must "be pled with the specific elements required to establish the defense" and noting that plaintiff "cite[d] no case law . . . to indicate or suggest that this is the rule in the First Circuit.")

## IV.   PRIMARK'S COUNTERCLAIMS ARE SUFFICIENTLY PLEAD AND SHOULD NOT BE DISMISSED OR STRICKEN

Deckers has argued that Primark's counterclaims should be "*dismissed*" or "*stricken*" because they "do nothing more than mirror Plaintiff's claims and are duplicative, redundant, and

---

[3] Even if the Court were to determine that unclean hands affirmative defense does allege fraud, Primark's Affirmative Defense 10 satisfies the requirements of Rule 9(b) because it pled with particularity the basis of the unclean hands affirmative defense in that Deckers knew it did not have valid and enforceable trade dress or patent rights in connection with its Classic Ultra Mini boot, yet attempted to eliminate legitimate and fair competition by representing otherwise to the Court.

would serve no purpose." (Deckers Br at 13.)   Strangely, while Deckers states the legal standard

for a motion to dismiss a counterclaim on the ground that it does not state a claim upon which

relief can be granted, Deckers never alleges or argues that the counterclaims fail to state a claim

upon which relief can be granted.  Thus, Deckers' motion is not a cognizable motion to dismiss

under Federal Rule 12(b)(6).  Rather, as Deckers' sole argument is that the counterclaims "do

nothing more than mirror Plaintiff's claims and are duplicative, redundant, and would serve no

purpose," its motion should be treated as a motion to strike under Federal Rule 12(f).  And, like its

arguments to strike Primark's affirmative defenses, Deckers arguments to strike Primark's

counterclaims also must fail.

A.      **Legal Standard for Motion to Strike Counterclaims**

As discussed in detail above, pursuant to Fed. R. Civ. Pro. 12(f), a court "may order stricken

from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." However, motions to strike are disfavored, and they are rarely granted absent

a showing of prejudice to the moving party.  *Boreri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir.1985);

*Honeywell Consumer Prods., Inc. v. Windmere Corp.,* 993 F. Supp. 22, 24 (D. Mass. 1998).  Even

when technically appropriate, motions to strike are not typically granted absent a showing of

prejudice to the moving party. *PetEdge, Inc. v. Yahee Techs. Corp*., 2017 U.S. Dist. LEXIS 66663,

at *4 (D. Mass. May 2, 2017).

B.      **Primark's Trade Dress Counterclaims Nos. 1-2 are Neither Redundant or
        Immaterial, and are Sufficiently Pled.**

Deckers has asserted allegations of trade dress infringement in its Complaint.  In response,

Primark has asserted Affirmative Defenses that Deckers lacks a valid trade dress (Affirmative

Defense 2), the asserted trade dress is functional (Affirmative Defense 3), and the asserted trade

dress is non-distinctive (Affirmative Defense 4).   Further, Primark has requested judicial

declarations that Primark does not infringe Deckers' asserted trade dress (Counterclaim 1) and that Deckers' trade dress is invalid (Counterclaim 2).  Primark is "entitled to take aim with a declaratory judgment counterclaim at the validity of Plaintiff's trade dress as a protectable right because Plaintiff has asserted its trade dress as limiting what Defendant can manufacture and sell."  *Little Kids, Inc. v. 18th Ave. Toys, Ltd.*, No. 18-533WES, 2019 U.S. Dist. LEXIS 101366, at *15 (D.R.I. June 18, 2019).

Since Primark's trade dress counterclaims serve a different function than its affirmative defenses and do not simply mirror Deckers' allegations, the counterclaims should not be stricken as redundant. Although they arise from the same subject matter, Primark is requesting different remedies under its affirmative defenses and its counterclaims. Under the affirmative defenses, Primark is requesting that it be absolved from liability, if any, for trade dress infringement. By contrast, under the counterclaims, Primark is requesting, declaratory relief that there is no likelihood of confusion (Counterclaim 1) and that Deckers' trade dress is invalid (Counterclaim 2). This declaratory relief is only available by way of the counterclaim, not by way of prevailing on an affirmative defense.  For example, if Deckers fails to prove infringement and/or if Primark succeeds in proving noninfringement, that would not resolve whether Deckers has established the elements for its trade dress to be protected under § 43(a) of the Lanham Act.  Since the counterclaims request relief outside the scope of the affirmative defenses, Primark's affirmative defenses and counterclaims are not redundant. *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*, 2015 U.S. Dist. LEXIS 98939, *11 (C.D. Cal. July 8, 2015)(Denying motion to strike counterclaim because it was not duplicative of the affirmative defense of trade dress invalidity.  The defendant "could prevail on the merits of one of its numerous other affirmative defenses, with the Court never reaching the issue of trade dress validity."); *OgoSport LLC v. Maranda Enters. LLC*, 2011 U.S.

Dist. LEXIS 107168, *6 (E.D. Wis. Sept. 20, 2011) (Affirmative defense and counterclaim both allege invalidity of trade dress rights but are not redundant because "defending an action based on non-liability is not the same as vindicating or restoring one's reputation and goodwill through a declaratory judgment.").

Therefore, Deckers' Motion to Dismiss or Strike Counterclaims 1 and 2 should be denied.

### C.   Primark's Design Patent Counterclaims Nos. 3-4 are Neither Redundant Nor Immaterial and are Sufficiently Pled.

Like its allegations of trade dress infringement, Deckers' allegations of design patent infringement squarely raise an actual controversy; Primark is well within its rights to pursue declaratory relief that the patent is not infringement and that the design patent is invalid.  This is true whether or not Deckers continues to maintain its action for design patent infringement.  Thus these claims are not redundant, but rather distinct from, and independent of, Deckers' patent infringement claim. Primark is entitled to pursue its own declaratory relief to "clear the air."

Further, Primark has adequately pled its counterclaims for declaratory judgment of non-infringement and invalidity.  With respect to its request for declaratory judgment of patent invalidity, Primark has (i) made an allegation of jurisdiction, (ii) pled the basis for case and controversy, (iii) identified the asserted patent by number and stated that it is invalid, (iv) pled specific conditions of patentability set forth in Title 35 of the United States Code that are not met, and (v) made a demand for relief.  This is enough at this early stage of the litigation to meet the pleading requirements for a counterclaim of invalidity. *See Teirstein v. AGA Medical Corp.*, No. 06:08–CV–14, 2009 WL 704138, *4–5 (E.D.Tex. Mar. 16, 2009)(finding counterclaim for invalidity is adequately pled when there is "1) an allegation of jurisdiction; 2) a statement that an actual case or controversy exists as a result of this suit; 3) a statement that the ... patent is invalid; 4) a list of the specific statutory provisions ... compell[ing] invalidity; and 5) a demand for relief."

*see also Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 1:10-cv-3008-AT, 2011 U.S. Dist. LEXIS 135675, at \*8-9 (N.D. Ga. Aug. 1, 2011) ("the statutory basis for an invalidity counterclaim is enough to satisfy Rule 8(a)" )(finding that invalidity counterclaims and affirmative defenses that listed the patent number and statutory bases for invalidity were sufficiently pled); *see also, Pfizer Inc. v. Apotex Inc.*, 726 F. Supp.2d 921, 937-38 ( N.D Ill. 2010) (holding that a counterclaim alleging that the patents were "invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code" was sufficiently pled); *see also Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (finding that such pleadings "are brief but clear, and effectively apprise plaintiffs of the legal and factual grounds on which [the defendant] seeks to advance its claims"); *see also, Pfizer v. Apotex, Inc.*, 726 F.Supp. 2d 921 (N.D. Ill. 2010) (notice of claim sufficient for invalidity counterclaim); *see also Elan Pharma Int'l. Ltd. v. Lupin Ltd.*, 2010 U.S. Dist. LEXIS 32306 (D.N.J. Mar. 31, 2010) (same).

With respect to its request for declaratory judgment of non-infringement, Primark has (i) made an allegation of jurisdiction, (ii) pled the basis for case and controversy, (iii) identified the accused product, (iv) identified the asserted patent by number that is not infringed, and (v) made a demand for relief.  This is the degree of specificity required to plead a claim of patent infringement; nothing more is needed to plead a counterclaim of non-infringement.  *See Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 770 (S.D. Tex. 2013) ("patent infringement suit is not required to specifically include each element of the claims of the asserted patent.")

Decker's argument for more detail at the pleading stage is also counter to, and would obviate the need for, the Local Patent Rules.  The Local Patent Rules are the procedural vehicle for garnering more information, not notice pleadings. *See Graphic Packaging Int'l, Inc. v. C.W.*

*Zumbiel Co.*, No. 1:10-cv-3008-AT, 2011 U.S. Dist. LEXIS 135675, at *12 (N.D. Ga. Aug. 1, 2011) ("Even if the Court did not find that the statutory pleadings alone were sufficient to state invalidity claims and affirmative defenses, the Patent Local Rules operate to make further factual pleading unnecessary.")

Accordingly, Counterclaims 3 and 4 should not be dismissed or stricken.

## V.   CONCLUSION

For at least these reasons, Primark respectfully requests that the Court deny Deckers' motion to strike and dismiss. To the extent the Court grants Deckers' motion, Primark respectfully requests that the Court grant Primark leave to amend its defenses.

Dated: May 12, 2023           By:   /s/ *Ronald A. DiCerbo*

Ronald A. DiCerbo (admitted *pro hac vice*)
Christopher V. Cariani (admitted *pro hac vice*)
**McAndrews Held & Malloy, Ltd.**
500 West Madison Street, 34th Floor
Chicago, IL 60661
Phone: (312) 775-8000
Email: RDiCerbo@mcandrews-ip.com
          CCarani@mcandrews-ip.com

Philip C. Swain
**Law Office of Philip Swain, LLC**
114 Pine Hill Lane
Concord, MA  01742
Phone: (617) 365-4844
Email:  pcs@philswainlaw.com

*Attorneys for Defendant Primark US Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system and all attachments will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF.)

/s/ Ronald A. DiCerbo
Ronald A. DiCerbo