UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DECKERS OUTDOOR CORPORATION, | * | |
|  | * | |
| Plaintiff, | * | |
|  | * | |
| v. | * | |
|  | * | Civil Action No. 23-cv-10233-ADB |
| PRIMARK U.S. CORP., | * | |
|  | * | |
| Defendant. | * | |
|  | * | |
|  | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") initiated this action alleging trade dress infringement, unfair and deceptive trade practices, and unfair competition.[1] [ECF No. 1 ("Compl." or "Complaint")]. In its answer filed on April 7, 2023, Defendant Primark U.S. Corp. ("Primark" or "Defendant"), asserted multiple affirmative defenses and brought counterclaims seeking declaratory relief. [ECF No. 15 ("Ans." or "Answer")]. Before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses and Dismiss Counterclaims. [ECF No. 26]. For the reasons set forth below, the motion is **DENIED**.

---

[1] Plaintiff also alleged infringement of U.S. Patent No. D927,161. [ECF No. 1]. This claim was voluntarily dismissed on July 14, 2023. [ECF No. 31]. In response, on November 21, 2023, after Plaintiff filed the instant motion, Defendant dismissed its related Eighth Affirmative Defense, Ninth Affirmative Defense, Tenth Affirmative Defense (as it relates to Plaintiff's purported knowledge that it had no valid and enforceable patent rights), Third Counterclaim, and Fourth Counterclaim. [ECF No. 37]. Thus, the Court does not address the parties' arguments regarding those counterclaims and affirmative defenses here.

I.      BACKGROUND

Deckers designs and markets the UGG® Classic Ultra Mini (the "Ultra Mini") under its trademarked UGG® brand. [Compl. ¶¶ 8, 20]. In its Complaint, it alleges that Primark (1) infringed Deckers' Ultra Mini trade dress under federal and state law, [id. ¶¶ 19–40]; (2) engaged in Unfair and Deceptive Trade Practices constituting a violation of Mass. Gen. Laws ch. 93A, [id. ¶¶ 41–45]; and (3) engaged in Unfair Competition under Massachusetts common law, [id. ¶¶ 46–52].

In response, Primark raised multiple affirmative defenses and counterclaims in its Answer. First, as relevant here, Primark alleges that Deckers' claims are barred, precluded, or limited, in whole or in part, for the following reasons: (a) failure to state a claim ("First Affirmative Defense"); (b) the alleged Ultra Mini trade dress is not valid or enforceable ("Second Affirmative Defense"); (c) the alleged Ultra Mini trade dress is invalid under the doctrine of utilitarian functionality ("Third Affirmative Defense"); (d) the alleged Ultra Mini trade dress is invalid because it is not distinctive ("Fourth Affirmative Defense"); (e) Primark's products do not create a likelihood of confusion ("Fifth Affirmative Defense"); (f) the doctrine of waiver, laches, acquiescence and/or estoppel ("Sixth Affirmative Defense"); (g) Deckers has not suffered a loss or damage as a result of the alleged conduct ("Seventh Affirmative Defense"); and (h) the doctrine of unclean hands in connection with Deckers' purported knowledge that it has no valid and enforceable Ultra Mini trades dress rights ("Tenth Affirmative Defense") (collectively, "Affirmative Defenses"). [Ans. at 8–10]. Second, Primark brings counterclaims seeking judicial declaration of (1) non-infringement of the alleged Ultra Mini trade dress ("First

Counterclaim"), [id. at 12–13]; and (2) invalidity of the alleged Ultra Mini trade dress ("Second Counterclaim"), [id. at 13].[2]

On April 28, 2023, Deckers filed the instant motion to strike each of Primark's remaining Affirmative Defenses, and separately to dismiss, or in the alternative strike, Primark's First and Second Counterclaims.  [ECF No. 26].  Primark opposed on May 12, 2023.  [ECF No. 27].

## II. DECKERS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  That said, courts generally disfavor motions to strike affirmative defenses, Bio-Vita, Ltd. v. Rausch, 759 F. Supp. 33, 39 (D. Mass. 1991), and grant them only when a plaintiff has established that it is "beyond cavil that the defendant[] could not prevail on them[,]" Honeywell Consumer Prods. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998) (quoting Coolidge v. Judith Gap Lumber Co., 808 F. Supp. 889, 893 (D. Me. 1992)) (first alteration in original).  Even then, such motions are "rarely granted absent a showing of prejudice to the moving party."  Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (quoting Hayes v. McGee, No. 10-cv-40095, 2011 WL 39341, at *2 (D. Mass. Jan. 6, 2011)).

### B. Discussion

Deckers moves to strike Primark's Affirmative Defenses for the following three reasons: (1) the First and Second Affirmative Defenses are unrecognized; (2) the Third, Fourth, Fifth, and

---

[2] Plaintiff states that Defendant "has agreed to withdraw its Fifth Counterclaim," [ECF No. 26 at 8 n.1], and Defendant does not indicate otherwise in its opposition, see [ECF No. 27].  Accordingly, the Court does not address that Counterclaim here.

3

Seventh Defenses, are immaterial or redundant; and (3) all of the Affirmative Defenses fail to meet the fair notice standard. [ECF No. 26 at 9–15]. The Court addresses each argument in turn.

### 1. "Unrecognizable" Affirmative Defenses

First, Primark's First and Second Affirmative Defenses have both been recognized as affirmative defenses by courts in this district. See Searle v. Convergent Outsourcing, Inc., No. 13-cv-11914, 2014 WL 4471522, at *6, *6 n.5 (D. Mass. June 12, 2014) (refusing to strike, and thereby recognizing, failure-to-state-a-claim affirmative defense); see also Kologik Cap., LLC v. In Force Tech., LLC, No. 18-cv-11168, 2023 WL 6164438, at *26 n.23 (D. Mass. Sept. 21, 2023) (recognizing invalidity as an affirmative defense which may be brought against an infringement charge); Defendants' Answer to Plaintiff/Counterclaim Defendant's Amended Complaint and Jury Demand, Kologik, No. 18-cv-11168, ECF No. 57 at 31 (D. Mass. Apr. 29, 2019).[3] Thus, the Court denies Deckers' request to strike the First and Second Affirmative Defenses as unrecognizable.

### 2. Redundant or Immaterial

Deckers next argues that the Third, Fourth, Fifth, and Seventh Affirmative Defenses should be stricken as immaterial and redundant because they are not affirmative defenses, but rather "merely challenges to [Deckers] prima facie case," which add "unnecessary confusion" to the issues presented. [ECF No. 26 at 10–12].[4] Primark responds that even if the Third, Fourth,

---

[3] The decisions cited by Deckers, all from courts outside the First Circuit, [ECF No. 26 at 9–10], do not demonstrate that invalidity and failure-to-state-a-claim affirmative defenses should be categorized as incognizable in this Court.

[4] Deckers' argument hinges on the premise that the Third, Fourth, Fifth, and Seventh Affirmative Defenses are unrecognizable. That is not the case. Courts have recognized invalidity (Third and Fourth Affirmative Defenses) and lack of damages (Seventh Affirmative Defense) as affirmative defenses. Kologik, 2023 WL 6164438, at *26 n.23 (recognizing affirmative defenses alleging invalidity); Searle, 2014 WL 4471522, at *6, *6 n.5 (denying motion to strike affirmative

Fifth, or Seventh Affirmative Defense were redundant or immaterial, which it does not concede, Deckers has not sufficiently demonstrated how these Affirmative Defenses create prejudice, as their inclusion does not require any additional discovery. [ECF No. 27 at 15–16].

First, the Third, Fourth, Fifth, and Seventh Affirmative Defenses are not irrelevant and will not be overly confusing. As Deckers concedes, these Affirmative Defenses challenge its prima facie case. [ECF No. 26 at 11–12]. Primark is entitled to defend against Deckers' claims and to undertake any appropriate discovery to do so. Second, for largely the same reason, maintaining these Affirmative Defenses will not unduly prejudice Plaintiff. See SEC v. Esposito, No. 16-cv-10960, 2017 WL 5615571, at *1 (D. Mass. Nov. 21, 2017) ("In assessing whether a motion to strike should be granted, the Court must bear in mind that such motions are rarely granted absent a showing of prejudice to the moving party." (internal citations and quotation marks omitted)); see also Goldsmith v. Lee Ents., No. 19-cv-01772, 2019 WL 5188951, at *2 (E.D. Mo. Oct. 15, 2019) (in assessing prejudice, considering whether "striking the defense would . . . prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome"); see also Trs. of the N.Y. City Dist. Council v. M.C.F. Assocs., 530 F. Supp. 3d 460, 467 (S.D.N.Y. 2021) ("[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant granting [Plaintiffs'] Rule 12(f) motion"). Accordingly, the Court denies Deckers'

---

defense alleging that "plaintiff suffered no damages"). Further, likelihood of confusion (Fifth Affirmative Defense) is part of the infringement analysis, and non-infringement has been recognized as an affirmative defense. PetEdge, Inc. v. Marketfleet Sourcing, Inc., No. 16-cv-12562, 2017 WL 2983086, at *5 (D. Mass. July 12, 2017) (denying motion to strike affirmative defense alleging non-infringement); see also Answer to Complaint and Counterclaim, PetEdge, No. 16-cv-12562, ECF No. 10 at 4 (D. Mass. Mar. 2, 2017).

request to strike the Third, Fourth, Fifth, and Seventh Affirmative Defenses as immaterial or redundant.

        3.      Fair Notice

Finally, Deckers asserts that each of Primark's Affirmative Defenses are insufficiently pled and fail to meet the fair notice standard. [ECF No. 26 at 12–15]. More specifically, Deckers argues that (1) the First Affirmative Defense, alleging failure to state a claim, is insufficiently detailed "to protect the plaintiff from being ambushed with an affirmative defense," [id. at 12], (2) the Sixth Affirmative Defense of waiver, laches, acquiescence, or estoppel and the Tenth Affirmative Defense of unclean hands "fail[] to provide enough factual content to identify the factual grounds on which the affirmative defense rests," [id. at 13–15], and, more generally, (3) the Second, Third, Fourth, Fifth, and Seventh Affirmative Defenses are "deficient and fail to meet the necessary standard," [id. at 12–15]. Primark responds that Deckers is attempting to impose heightened pleading standards that do not exist in this district. [ECF No. 27 at 17–20].

"[T]he First Circuit has stated that 'Rule 8(c) is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense.'" Telecom Brokerage, Inc. v. Gryphone Telecom Consultants, LLC, No. 13-cv-12416, 2014 WL 407725, at *1 (D. Mass. Jan. 30, 2014) (quoting Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003)). Under the Rule, no additional particularity is required, as parties responding to a pleading "need only 'affirmatively state any avoidance or affirmative defense.'" Id. (quoting Fed. R. Civ. P. 8(c)) (holding that heightened particularity is not required for affirmative defenses of unclean hands or waiver, laches, or estoppel). Here, Primark has met the First Circuit's fair notice pleading requirements by affirmatively stating its Affirmative Defenses. See

6

id.  Thus, the Court denies Deckers' request to strike Primark's Affirmative Defenses for lack of fair notice.

### III.     DECKERS' MOTION TO DISMISS, OR IN THE ALTERNATIVE STRIKE, COUNTERCLAIMS

Although Rule 12(f) allows courts to strike redundant or immaterial counterclaims from a pleading, such motions are "rarely granted absent a showing of prejudice to the moving party." Zurich Am. Ins. Co., 796 F. Supp. 2d at 246 (quoting Hayes, 2011 WL 39341, at *2).

Here, the First and Second Counterclaims are for declaratory judgment.  [Ans. at 12–13]. Courts presented with motions to strike counterclaims requesting declaratory judgment have leveraged their more limited ability to strike a nonprejudicial counterclaim under Rule 12(f) with the "complete discretion" they have to strike an opposing party's request for declaratory judgment under 28 U.S.C. § 2201.[5]  Transpac Marine, LLC v. Yachtinsure Servs., Inc., 655 F. Supp. 3d 18, 29 (D. Mass. 2023) ("a district court has 'complete discretion in determining "whether and when"' . . . to . . . grant an opposing party's motion to strike") (quoting Zurich Am. Ins. Co., 796 F. Supp. 2d at 246).  Courts employing this broad discretion have, in some cases, stricken even non-prejudicial counterclaims in the interest of expediency to "remov[e] 'unnecessary clutter' from the case."  Id. (quoting Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)); see also Zurich Am. Ins. Co., 796 F. Supp. 2d at 246 (granting motion to strike counterclaims that "reiterate[d] affirmative defenses asserted and all address[ed] issues already before the Court by virtue of [Plaintiff's] Amended Complaint and [Defendant's] Answer"); see also In re Feeley, 393 B.R. 43, 51 (Bankr. D. Mass. 2008) (citation

---

[5] 28 U.S.C.S § 2201(a) provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

omitted) (granting motion to dismiss counterclaims that "merely restate[d] an affirmative defense, or which [sought] the opposite effect of the complaint").

Courts, however, have allowed counterclaims seeking declaratory judgments to survive if the defendant's liability could be determined based on only one of its affirmative defenses, resulting in issues raised in the defendant's counterclaims being left unaddressed. Little Kids, Inc. v. 18th Ave. Toys, Ltd., No. 18-cv-00533, 2019 WL 2514764, at *4 (D.R.I. June 18, 2019) (although affirmative defenses and counterclaims raised the same issues, motion to strike based on redundancy would be denied if asserted because defendant could prevail on one affirmative defense without addressing all issues raised in counterclaims); see also Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group, No. 15-cv-00246, 2015 WL 4545187, at *4 (C.D. Cal. July 8, 2015) (denying motion to dismiss claim where defendant could "prevail on the merits of one of its numerous other affirmative defenses, with the Court never reaching the issue of trade dress validity").

Deckers argues that the First and Second Counterclaims should be stricken because they "do nothing more than mirror Plaintiff's claims and are duplicative, redundant, and would serve no purpose." [ECF No. 26 at 15].[6]  In response, Primark avers that the Counterclaims should survive because the Court could find that Primark is not liable under any one of its Affirmative Defenses, without, for example, addressing the question of whether there was a likelihood of confusion or whether Deckers' trade dress is invalid. [ECF No. 27 at 22].  The Court agrees with

---

[6] Although Deckers moves to dismiss Primark's counterclaims under Rule 12(b)(6), it does not make any substantive argument as to why they should be dismissed under that standard, and thus Deckers' motion under 12(b)(6) is denied. Philips N. Am. LLC v. Image Tech. Consulting, LLC, No. 22-cv-0147, 2022 WL 17168372, at *7 (N.D. Tex. Nov. 21, 2022) (holding that "[m]ere cursory references to the 12(b)(6) standard under [Twombly] and [Iqbal] will not suffice" in meeting Defendant's burden to dismiss).

Primark, and also finds that the potential for "unnecessary clutter" does not outweigh the Court's interest in ensuring that the issues raised in Primark's Counterclaims are addressed. Thus, at this stage, the Court denies Deckers' request to strike Primark's counterclaims.

## IV.     CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's motion, [ECF No. 26], is DENIED.

**SO ORDERED.**

December 7, 2023                                                                    */s/* Allison D. Burroughs
                                                                                    ALLISON D. BURROUGHS
                                                                                    U.S. DISTRICT JUDGE